(83 N. W. Rep. 233.)

---

FRANKLIN S. DALRYMPLE, *et al vs*. THE SECURITY LOAN & TRUST COMPANY.

Opinion filed May 22, 1900.

**Action to Quiet Title—Who May Maintain.**

The rule prevailing in courts of chancery which required the plaintiff, in suits brought to quiet title, to show both possession and

legal title in himself, is abrogated in this state by statute. Such action may be maintained by a plaintiff who has "an estate or interest in real property," whether legal or equitable. Rev. Codes, § 5904.

## The Beneficial Owner of Land May Sue to Quiet Title.

Where, under the direction of a purchaser paying the consideration, real estate is conveyed by the vendor to a stranger, who is named as grantee in a deed absolute on its face, which grantee nevertheless receives the deed in trust for the sole use and benefit of parties not named in the deed, such parties are the beneficiaries under the deed, and as such are seised of the entire title. Such parties are in a position to maintain an action to quiet the title to such real estate. Rev. Codes, § § 3381, 3383, 3386.

## Judgments Not Liens.

Under the facts set out in the complaint and considered in the opinion, *held,* that it does not appear from the complaint that certain judgments referred to in the complaint are liens upon the title to the real estate in controversy.

## Joint Demurrer by Several Defendants for Insufficiency.

*Held,* further, where the complaint in an action against several defendants states a cause of action as against either of the defendants, that a joint demurrer to the complaint for insufficiency is properly overruled.

## Joint Demurrer for Defect of Parties Defendant.

*Held,* further, that a joint demurrer to a complaint upon the ground of a defect of parties defendant will be overruled if the action can be maintained, without prejudice as to the rights of any one defendant, without bringing in new parties.

## No New Parties Necessary.

*Held,* further, that the demurrer of the defendants made jointly to the complaint for a defect of parties defendant was properly overruled for the reason that upon the facts pleaded the interests of the defendants did not require the bringing in of additional parties to the action.

## Action by Guardian—Averment of Representative Capacity—Demurrer.

*Held,* further, that where an action is brought in behalf of minors by their guardian it is incumbent upon the guardian to set out facts in an issuable form, in his complaint, which show his representative capacity and the character in which he sues; and a complaint in such a case which does not do so is demurrable. But such demurrer must be special, and upon the ground of want of capacity to sue, and, unless so made, such objection is waived.

## Voluntary Transfer—Fraudulent Intent.

Where it appears from the complaint that the father of the plaintiffs, upon a consideration paid by him, caused a deed conveying real estate to be made to D. in trust for the sole use and benefit of his children, and that the father was in debt at the time, and that certain creditors had obtained and docketed judgments against him, *held,* that such facts alone, in the absence of allegations of the father's insolvency, or of a fraudulent intent upon the part of the father, do not show that such transfer of real estate was necessarily fraudulent. Hence the same cannot be held to be constructively fraudulent. A fraudulent intent in the transfer of real estate must be made to appear in order to justify a court in setting the conveyance aside as fraudulent as to creditors. Rev. Codes 1895, § 5055.

Appeal from District Court, Cass County; *Lauder, J.,* presiding by request.

Action by Franklyn S. Dalrymple and others against the Security Loan & Trust Company of Casselton and others. Judgment for plaintiffs. Defendants appeal.

Affirmed.

*Pollock & Scott,* for appellants.

The object of an action to remove a cloud upon title, and to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession or title. Hence, title in the plaintiff is of the essence of the right to relief, and plaintiff must prevail, if at all, upon the strength of his own title. If plaintiff has no title, he cannot successfully invoke the aid of a court of equity to remove a cloud from such non-existing title. *Evenson* v. *Webster,* 5 S. D. 266, 58 N. W. Rep. 669; *Kitts* v. *Austin,* 83 Cal. 167; *Ordway* v. *Cowles,* 45 Kan. 450; *Dick* v. *Foraker,* 155 U. S. 414; *Frost* v. *Spitley,* 121 U. S. 552; *San Francisco* v. *Ellis,* 54 Cal. 72; *Myrick* v. *Comsalle,* 19 N. W. Rep. 129; *Jellison* v. *Halloran,* 42 N. W. Rep. 392. Such title should be exhibited by conveyances or instruments of record, the construction of which will expressly rest with the court. *Halland* v. *Challen,* 110 U. S. 15. The complaint admits that plaintiffs are out of possession of the premises and that the same are in the adverse possession of one of the defendants. John C. Dalrymple not having been made a party defendant, and thus given an opportunity to defend or disaffirm his prima facie title, he cannot in this action be dispossessed of the same, and until he has been dispossessed no title can be established in plaintiffs, and they cannot maintain an action to quiet title. *Frost* v. *Spitley,* 121 U. S. 552, 30 L. Ed. 1010; *Russell* v. *Gregg,* 113 U. S. 550, 28 L. Ed. 993; *Jackson* v. *LaMoure County,* 1 N. D. 238, 46 N. W. Rep. 449; *Thomas* v. *White,* 2 Ohio St. 548. That the contract, an executory agreement for the conveyance of land, not having disclosed any agency or trusteeship on the part of O. C. Dalrymple, all persons claiming under him are estopped to claim title as against defendants, who are innocent purchasers and incumbrancers of the property. §§ 3587, 3528, 3540, 3594, and 3549, Rev. Codes; *Blum* v. *Schwartz,* 16 L. R. A. 668. The complaint does not allege that plaintiffs are infants, or that at the commencement of the action O. C. Dalrymple was the appointed guardian of the estates of the plaintiffs, or that he prosecutes in the capacity of guardian. These are material and necessary facts to be stated. *Hulbert* v. *Young,* 13 How. Pr. 414; *Grantman* v. *Thrall,* 44 Barb. 173; *Stanley* v. *Chappell,* 8 Cowan, 235; *Polly* v. *Ry. Co.,* 9 Barb. 449; *Crawford* v. *Neal,* 56 Cal. 321; §§ 6538, 6540, Rev. Codes. The fact that O. C. Dalrymple is the father of plaintiffs and their guardian by nature confers no rights upon him as to their estates. *Johnson* v. *Waterhouse,* 11 L. R. A. 440; *Miles* v. *Kagler,* 10 Am. Dec. 426; *May* v. *Calder,* 2 Mass.

55; *Williams* v. *Storrs,* 6 Johns. Ch. 357. The naming of a guardian *ad litem* in the title will not take the place of an averment of his appointment. *Jones* v. *Steele,* 36 Mo. 324. In this form of action all persons who have, or claim to have, or appear to have, any interest or lien in or upon the land adverse to the plaintiffs, should be made defendants. *Thompson* v. *McCorkle,* 136 Ind. 484; *Ellis* v. *Ry. Co.,* 77 Wis. 114; *Kincade* v. *McGowan,* 88 Ky. 91; *Johnson* v. *Robinson,* 30 Minn. 170; *Keene* v. *Galen,* 24 Neb. 317. In suits by persons claiming under a trust, the trustee in whom the legal title is vested should be made a party. *McCormick* v. *McCormick,* 5 S. W. Rep. 573; *O'Hara* v. *McConnell,* 93 U. S. 150; *Champlin* v. *Champlin,* 4 Edw. Ch. 228; *Dunn* v. *Seamore,* 11 N. J. Eq. 220.

*Newman, Spalding & Stambaugh,* for respondents.

This action is governed by the provision of § 5904, Rev. Codes. *Dick* v. *Foraker,* 155 U. S. 414; *Holland* v. *Challen,* 110 U. S. 15. By this section an action may be maintained by any person having an estate or interest in real property against another who claims an estate or interest adverse to him. Under this statute any person may bring such an action; legal title is not necessary in the plaintiff for the maintenance thereof. *Tuffree* v. *Phlemus,* 41 Pac. Rep. 806. Section 5486, Rev. Codes, authorizing the court in actions of this character to decree a transfer of the title would be meaningless unless it was the intention of the Code to permit the action to be maintained by one who has not the legal title. The conveyance to John C. Dalrymple conveyed to plaintiffs the title which the Cass County Bank obtained by its foreclosure. §§ 3381, 3383, Rev. Codes; *Smith* v. *Security Trust Co.,* 8 N. D. 451, 79 N. W. Rep. 981. Necessary party defendants are those without whom no decree at all can be rendered. Pomeroy, Rem. & R. R. § 330.

WALLIN, J. The complaint in this action, after stating that said defendants the Security Loan & Trust Company and the Cass County Bank are corporations, alleges the following facts in substance: That in the month of March, 1883, one Isabella C. Dalrymple and said Oliver C. Dalrymple were husband and wife. That at said date said Isabella C. Dalrymple became and was the owner of lots numbered, respectively, 3 and 4 of block 20 in the town (now city) of Casselton, in Cass county, N. D. That said premises at that time, and continuously thereafter and until the death of said Isabella C. Dalrymple, were occupied by the deceased and her family as their homestead. That said Isabella C. Dalrymple died in the month of May, 1891, leaving surviving her said husband and certain minor heirs, whose names appear in the title of this action; also one other minor heir, since deceased, named Howard C. Dalrymple, and all of whom were the children of said Isabella C. and Oliver C. Dalrymple. That in October, 1885, said husband and wife executed and delivered a certain mortgage upon said premises to secure the sum of $2,689.46, which mortgage was recorded. This mortgage was made to the

Security Loan & Trust Company. That on October 2, 1889, said Isabella C. Dalrymple was the owner of a certain half section of land described in the complaint, and situate in said County of Cass, and on said day said husband and wife joined in a conveyance by quitclaim deed of said half section of land and said homestead premises to said defendant the Cass County Bank, which deed was made to secure the payment of a then existing indebtedness of said Oliver C. Dalrymple to said bank in the sum of $13,444, and further to secure any advances which should thereafter be made by said Cass County Bank to said Oliver C. Dalrymple; and to further secure such indebtedness and advances said Oliver C. Dalrymple and his said wife executed and delivered to said bank their certain other quitclaim deed covering a large amount of real estate situated in said County of Cass, and more particularly described in the complaint. It is further stated in the complaint that on April 24, 1893, an accounting was had between said bank and said Oliver C. Dalrymple, whereby it was ascertained that said Dalrymple was indebted to said bank in the sum of $21,248.64, for which said bank held said quitclaim deeds as security. Paragraphs 10, 12, 13, and 14 of the complaint are as follows:

"(10) That thereafter, and on or about the 24th day of April, 1893, for the purpose of paying the said indebtedness of the said Oliver C. Dalrymple to the said defendant Cass County Bank, to-wit: the sum of twenty-one thousand two hundred and forty-eight dollars and sixty-four cents ($21,248.64), and for the further purpose of assuring and securing to the said Franklin S. Dalrymple, Howard C. Dalrymple, John C. Dalrymple, and Gertrude C. Dalrymple, minor heirs of the said Isabella C. Dalrymple, the full value of all their right, title, interest, and estate of, in, and to all said real property, the said Oliver C. Dalrymple made and entered into a contract with the said defendant Cass County Bank in his own name, but in behalf and for the benefit of himself and said minor heirs of said Isabella C. Dalrymple, a copy of which is hereto annexed, marked 'Exhibit A,' and made a part of this complaint. That in and by the terms of said contract it was agreed that for the purpose of carrying out said contract the said Oliver C. Dalrymple should at once secure from the County Court of said Cass county letters of guardianship for said minor heirs of said Isabella C. Dalrymple, and that thereupon said Cass County Bank should bring an action or actions to foreclose its lien under said quitclaim deeds upon all said real property, which said real property was, under and by the terms of said agreement, to be sold upon judgments obtained in said actions for the foreclosure of said liens as aforesaid to satisfy the said indebtedness of the said Oliver C. Dalrymple to the said Cass County Bank. That as a part of the consideration for said agreement said defendant Cass County Bank agreed to pay the said Oliver C. Dalrymple the sum of one thousand dollars; and that upon the sale of said property as aforesaid under said judg-

ment the entire indebtedness of the said Oliver C. Dalrymple to the said Cass County Bank should be satisfied and canceled; and that thereupon the said bank, whenever its title under said foreclosure proceedings to said lots three and four in said block twenty should be perfected and made complete, would convey said lots by special warranty deed free and clear from all incumbrances to the said Oliver C. Dalrymple, or such other person as he should designate to take the title thereto (in trust for said minor heirs of said Isabella C. Dalrymple). That thereafter, pursuant to said agreement, the said Oliver C. Dalrymple made application to the said County Court of the said Cass county for appointment as guardian of the said minor heirs of the said Isabella C. Dalrymple, and such proceedings were thereafter had in said court that on the 21st day of June, 1893, the said Oliver C. Dalrymple was appointed guardian of the persons and estates of the said minor heirs of the said Isabella C. Dalrymple, to-wit: Franklin S. Dalrymple, Howard C. Dalrymple, John C. Dalrymple, and Gertrude C. Dalrymple. That thereafter, pursuant to said agreement, said Cass County Bank commenced an action in said court for the foreclosure of its said liens upon said real estate, wherein the said Cass County Bank was plaintiff and the said Oliver C. Dalrymple and the minor heirs of the said Isabella C. Dalrymple were defendants, and such proceedings were therein had that thereafter, and on or about the 15th day of December, 1898, a judgment and decree were given and rendered in said action, and duly entered and docketed therein in the office of the clerk of this court in and for the said County of Cass, which, among other things, directed the sale of all said real property hereinbefore described to satisfy said indebtedness of the said Oliver C. Dalrymple to the said Cass County Bank for the payment of which the said land was held by the said bank as security, and thereafter, and after the entering and docketing of the said judgment as aforesaid, an execution was issued thereon to the sheriff of said Cass county, directing him to sell said real estate pursuant to said judgment, and the same was thereafter, and on the 29th day of January, 1895, sold, pursuant to said judgment and decree, and at said sale was purchased by said defendant Cass County Bank, and a sheriff's certificate of said sale issued to said Cass County Bank therefor. That no redemption from said sale was made of said lots three and four in said block twenty, and on the 3d day of April, 1896, the sheriff of said Cass county, pursuant to said sale and the certificate thereof, made, executed, and delivered to said defendant Cass County Bank a sheriff's deed of said lots, which said deed was filed for record in the office of the register of deeds within and for the said County of Cass on the 4th day of April, 1896, and was recorded in said office in Book 53 of Deeds, at page 326."

"(12) That thereafter, and on or about the 8th day of April, 1896, the said Cass County Bank, pursuant to said agreement hereto attached, marked 'Exhibit A,' and to the direction and instruction of

the said Oliver C. Dalrymple, made, executed, and delivered to John C. Dalrymple, who is the uncle of the said minor heirs of said Isabella C. Dalrymple and had therefore been appointed in the state of Pennsylvania by the courts thereof having jurisdiction in the matter as guardian of the estate of said minors in said state, a special warranty deed conveying to said John C. Dalrymple said lots three and four, in the said block twenty of the First addition to Casselton, as aforesaid, which said deed and conveyance was so as aforesaid made to said John C. Dalrymple for the purpose of conveying the said premises to the said John C. Dalrymple, to be held by him in trust for the use and benefit of the said surviving heirs of the said Isabella C. Dalrymple, and not otherwise; but said deed was absolute in form, and no trust was therein declared or established, and no trust in relation to said premises was declared or established by any instrument in writing signed by the said John C. Dalrymple.

"(13) That the shares, estates, and interests of the said minor heirs of the said Isabella C. Dalrymple in all said real property hereinbefore described, other than said lots three and four, was greater than the entire value of the interest of the said Oliver C. Dalrymple in said lots three and four, and it was the intention and object of said written agreement Exhibit A to secure to and ultimately vest in the said minor heirs of the said Isabella C. Dalrymple the absolute title of all said lots three and four in lieu of their interests and estates in said other real property hereinbefore described.

"(14) That after the death of the said Isabella C. Dalrymple, as aforesaid, the said Oliver C. Dalrymple, her husband, with the said minor children of the said Isabella C. Dalrymple, continued to possess and occupy said lots three and four in said block 20, as aforesaid, as their homestead, and said lots still continue to be the homestead of the said Oliver C. Dalrymple and of the said surviving minor heirs of the said Isabella C. Dalrymple."

The complaint further shows that between the month of August, 1889, and the month of October, 1896, said defendants Meredith, Lyons, Baldwin, Bagamiel, Neyhart, Justice, and Hosford severally obtained and docketed judgments in the County of Cass against said Oliver C. Dalrymple; and it is further alleged that said defendant Meredith caused an execution to issue on his said judgment, and pursuant to a sale thereunder made by the sheriff of said county of said lots 3 and 4 a certificate of sale describing said lots was made, and delivered to said Meredith; and further alleges that said defendant Lyons issued execution upon his judgment, and said lots 3 and 4 were sold at execution sale, and the usual sheriff's certificate describing said lots was delivered to said defendant Lyons as purchaser at such sale. The complaint further charges that said defendants claim that their respective judgments are liens and incumbrances upon the title of said premises, and that defendants have threatened to institute legal proceedings to enforce such liens; and that said defendants Meredith and Lyons claim that said sheriff's

certificates of execution sale issued and delivered to them respectively constitute liens upon the title to said lots. The complaint also charges that the defendant H. G. Scott is in possession of said premises under some arrangement made between said Scott and Meredith, the nature of which is unknown to the plaintiffs.

A summary of the written contract between said Oliver C. Dalrymple and said Cass County Bank, embodying its most salient features, having been set out in the complaint, as already stated, we shall omit setting out the contract in full. The relief prayed for by plaintiffs may be epitomized as follows: First, that the title to said lots 3 and 4 may be quieted, and adjudged to be in said minor heirs of Isabella C. Dalrymple; second, that said mortgage upon said lots executed by said Isabella C. Dalrymple and her husband in the month of October, 1885, may be adjudged fully paid, and directing that said mortgage may be satisfied of record by said Security Loan & Trust Company; third, that each of said judgments be declared not to be liens on the title of said lots 3 and 4, and that each of said certificates of execution sale be adjudged void, and be canceled, and vacated of record, and that the sheriff of said County of Cass be enjoined from issuing deeds upon such sales or either of them; and, finally, that said defendant H. G. Scott be adjudged to hold said premises as the tenant at will of these plaintiffs, and be directed to account for and pay over to plaintiffs the reasonable value of the rents and profits of said premises during his occupation thereof; and to this was added a prayer for general relief in equity.

To this complaint the defendants joined in a demurrer, and assigned two grounds of demurrer, viz: that the complaint does not state facts sufficient to constitute a cause of action; and, secondly, that there is a defect of parties defendant. The demurrer was overruled by the District Court, and defendants appeal to this court from the order overruling the same.

In support of their demurrer counsel for the defendants contend, first, that the sole object of this action is to quiet the title to said lots 3 and 4 by a judgment of a court of equity removing certain alleged clouds upon the plaintiffs' title, and, proceeding upon this assumption, counsel claim that such an action can be maintained only by a party who is seised of a legal title to real estate, and that the facts stated in the complaint show that the minor heirs of Isabella C. Dalrymple who are the plaintiffs are not seised of such title, and that one John C. Dalrymple is the owner of the legal title, and became such owner by warranty deed duly recorded, which deed was executed and delivered to him by the defendant the Cass County Bank. It is our opinion that this contention of counsel is untenable. In the first place, the assumption that the sole object of the action is to quiet plaintiffs' title by removing clouds thereon is refuted both by the averments of fact in the complaint and by its prayer for relief. It is true that one object of the action is to quiet title by removing certain alleged clouds thereon, but it is equally true that at

least two other objects are sought to be attained by the action. These objects are as follows: First, to invoke the aid of injunction to prevent the casting of any additional clouds upon plaintiffs' title by the delivery of sheriff's deeds pursuant to the execution sales of said property made by the sheriff of Cass county; second, to obtain an accounting with the occupant of the premises, said defendant H. G. Scott, and to secure a money judgment against Scott for the value of the use of the property. Under the compaint, if title should be quieted in the plaintiffs, they would also, in our opinion, be entitled to amend their prayer by asking for the possession of the premises in question. See Rev. Codes, § 5907; *Kitts* v. *Austin,* 83 Cal. 167, 23 Pac. Rep. 290. Nor can we assent to the propostion that legal title in plaintiff is essential in this state to a recovery in an action when brought for the sole purpose of quieting title. Such, undoubtedly, was the rule in courts of chancery, and under the rule in chancery possession by the plaintiff was likewise requisite to a recovery. *Frost* v. *Spitley,* 121 U. S. 552, 7 Sup. Ct. Rep. 1129, 30 L. Ed. 1010; *Dick* v. *Foraker,* 155 U. S. 404, 15 Sup. Ct. Rep. 124, 39 L. Ed. 201. But under the existing statutes in this state (Rev. Codes, § § 5904, 5486) an action to quiet title may be maintained by any person "having an estate or interest in real property" against another "who claims an estate or interest adverse to him." It is entirely clear that the phrase "estate or interest" includes both legal and equitable estates and interests, and under a recent statute a mere lien, if acquired under tax sales, may be considered and passed upon in such an action. *McHenry* v. *Kidder Co.,* 8 N. D. 413, 79 N. W. 875. It follows that, if this action were brought for the sole purpose of removing clouds and quieting title, plaintiffs would be in a position to institute the action if they could show either a legal title or equitable interest in the premises in question.

But defendants' counsel very earnestly make the further contention that the facts as set out in the complaint operate in law to negative either a legal title or an equitable interest in the plaintiffs. In support of this proposition it is claimed that the complaint shows that said John C. Dalrymple, long prior to the commencement of this action, became seised and still is seised of a legal title to the premises, and that such title was acquired under a deed of warranty executed and delivered to him by the Cass County Bank as grantor, which bank was, at and prior to the delivery of such deed, the fee-simple owner of the premises. It will be conceded that the Cass County Bank, at and before it delivered said deed, had the absolute title. Such title was acquired by a decree of foreclosure, the validity of which is not questioned. But the question presented is whether it is true, under the facts stated in the complaint, that said John C. Dalrymple received said deed without consideration moving from him, taking the same as a mere trustee for the use and benefit of Oliver C. Dalrymple. To ascertain what the rights of John C. Dalrymple are under said deed of warranty, recourse must be had to the facts

as pleaded. We learn from the complaint that said deed was absolute on its face, and contained no reference to any trust; and that no trust in relation to said premises was ever declared or established by any instrument in writing signed by the said John C. Dalrymple; but the complaint nevertheless alleges that said John C. Dalrymple is the uncle of said minor heirs, and that he had theretofore been appointed by the proper court in the State of Pennsylvania the guardian of the estate of said minor heirs situated in said state; and the complaint further states that "said deed and conveyance was so as aforesaid made to said John C. Dalrymple for the purpose of conveying the said premises to the said John C. Dalrymple, to be held by him in trust for the use and benefit of the said surviving heirs of the said Isabella C. Dalrymple, and not otherwise." From this statement in the complaint it appears conclusively for the purposes of the demurrer that said deed of warranty to John C. Dalrymple was received by him as a trustee of the premises in question, and that the plaintiffs are the beneficiaries under such deed. A trust of this nature arises by operation of law under a well-recognized equitable doctrine, which is voiced by section 3386 of the Revised Codes, which reads: "When a transfer of real property is made to one person and the consideration therefor is paid by or for another a trust is presumed to result in favor of the person by or for whom such payment is made." Under the deed no duty is devolved upon the grantee in such deed, nor is there a suggestion in the complaint that John C. Dalrymple, as trustee or otherwise, is required to do any act in connection with his said trust. The result is, under the statute, that a mere nominal or dry trust is created by said deed of warranty. Said deed operates, under the statutes, to vest the entire title and estate in the beneficiaries. This precise question arose in a recent case decided by this court, in which this identical property was involved. *Smith* v. *Trust Co.*, 8 N. D. 451, 79 N. W. Rep. 981. We make reference to that case as conclusive upon the question as to the effect of the deed under the facts as pleaded here, and it follows that the plaintiffs in this action, under the operation of the deed, have as beneficiaries a status of title and ownership which enables them to institute an action either to quiet title or for any purpose relating to said real estate or its title. But defendants have demurred also upon the ground that there is a defect of parties defendant. They do not, by their demurrer, however, name any party who is not, but should be, joined as a defendant in the action. Under some authorities this omission alone would defeat this branch of the demurrer. See *Baker* v. *Hawkins,* 29 Wis. 576; *Gardner* v. *Fisher,* 87 Ind. 369. But, as there is some conflict of opinion upon this question, we shall pass the point over in this case without deciding the same. See *Hudson* v. *Archer,* 4 S. D. 128, 55 N. W. Rep. 1099. There is, however, unanimity in the decisions to the effect that a demurrer for defect of parties cannot be sustained unless the "demurrant has an interest in having the omitted party joined, or that

he is prejudiced by the nonjoinder." See Bliss, Code Pl. § 298, and cases cited in note "c"; also 6 Enc. Pl. & Prac. p. 311.

Turning to the brief of defendants' counsel we find that counsel call the attention of the court to the fact that neither Oliver C. nor John C. Dalrymple are made parties to the action. No suggestion is made, however, tending to show wherein the defendants are prejudiced by the absence of Oliver C. Dalrymple as a party; nor are we able to discover from anything averred in the complaint that his absence or presence as a party can prejudice or affect the interests of the defendants. True, the plaintiffs allege or attempt to set up a homestead right in the premises in question, and seem to base their claim of homestead upon the statement that plaintiffs and their father, Oliver C. Dalrymple, have occupied the premises as a homestead ever since the decease of their mother in 1891. But this claim, we think, is overthrown entirely by the other facts pleaded in the complaint, whereby it appears that the title once vested in Isabella C. Dalrymple, the mother, has been vested since her death in the Cass County Bank, and that such title is now vested in the plaintiffs. Plaintiffs' having the title in themselves is a fact which is inconsistent with any homestead right in their father; and the plaintiffs, being minors, no mention being made that they are heads of families, cannot acquire a homestead right, at least during their father's lifetime. So far as appears in this record, therefore, Oliver C. Dalrymple has as an individual no interest in the result of this action, and there is no claim made that he has ever at any time since the deed to John C. Dalrymple was delivered asserted or claimed any interest in or right to the premises in question. But defendants' counsel argue that said John C. Dalrymple should be made a party defendant, and claim that, inasmuch as John C. Dalrymple is vested with title by a deed absolute on its face that the title to the premises cannot be quieted in the plaintiff in any action in which John C. is not a party. We think this proposition is untenable for two reasons, and the first is that the complaint, when considered as a whole, shows that John C. Dalrymple has no title or estate in the premises in question, either legal or equitable, and that his sole duty with respect to the title is upon demand therefor to convey his record title to these plaintiffs. Nothing appears tending to show that John C. claims any title as against the plaintiff, or that any person, whether a party to this action or not, has ever claimed title, right, or lien through or by any act done or omitted by John C. Dalrymple. The second reason is that these defendants claim nothing whatever in this action which can affect the rights of said John C. Dalrymple. Defendants, under the facts pleaded, can have no claim whatever to the premises in question which can operate to cloud any title belonging to John C. Dalrymple. He has no title. The defendants, upon the facts shown, have not recovered judgments against John C. Dalrymple, nor sold any property belonging to him, or as to which he can assert any claim of ownership. It doubtless is true that title in plaintiffs as against John

C. Dalrymple cannot be quieted in this action; but there is nothing alleged to show that any controversy concerning the premises exists as aginst John C., and, if any such controversy ever arises, it is not apparent that the defendants would have, under the facts shown, any interest in such controversy. It follows, of course, that these defendants, upon the facts brought up on this record, have no interests which demand that. John C. Dalrymple should be made a co-defendant. It is obviously true, upon the facts stated, that John C. would be a proper party to this action, but, in our view of the case, the interests of the defendants, so far as appear, do not demand his presence as a party. Nevertheless, if it shall develop in any further proceedings in the action that either John C. or Oliver C. Dalrymple is a necessary party, the trial court, under the statute possesses the power to bring them, or either of them, into court as parties. Rev. Codes, § 5238.

But an independent consideration fully justifies the order overruling the two demurrers to the complaint. The complaint states, in effect, that Isabella C. Dalrymple, joining with her husband, executed a mortgage upon the property in question, and delivered the same to the defendant the Security Loan & Trust Company; that such mortgage was subsequently transferred by said company to the Cass County Bank, and thereafter was paid in full, but was not released of record; and with regard to such mortgage the plaintiffs, as should have been stated in another connection, pray that the same may be adjudged to be paid in full, and released of record. These averments of fact constitute a cause of action, and entitle the plaintiffs, as the owners of the property, to the relief for which they ask in this regard. Under an established rule of law, a general demurrer to a complaint for insufficiency will be overruled where several defendants join in a demurrer to a complaint which states a good cause of action as to either of the demurrants. See 6 Enc. Pl. & Prac. 321, and authorities in note 1. Nor, in any aspect of the case, are we able to discover from the facts alleged that the Cass County Bank or the Security Loan & Trust Company have any interests or rights which can be prejudiced or promoted by bringing in other parties as defendants. The averment that said mortgage is paid, and is not released of record, shows that the plaintiffs are entitled to have the same released. Nor could any new parties, if brought in, be heard, upon the facts stated, in opposition to such right.

We observe further that the one fact most conspicuous in this case is that such of the defendants as are judgment creditors of Oliver C. Dalrymple are relying upon the theory that such judgments are liens upon the title to the real estate in question. If they are such liens, it follows that the property in suit must have been owned by Oliver C. Dalrymple either at the time the judgments were docketed or at some later date. The trouble with this assumption is that it is refuted by the facts set out in the complaint. It is true that the facts

pleaded are not entirely clear as to whether the consideration paid to the Cass County Bank, and for which it conveyed the property by warranty deed to John C. Dalrymple, came from the resources of the plaintiffs in whole or in part, nor as to whether Oliver C. Dalrymple paid the whole or some part of the consideration. But we regard this question as unimportant upon the facts set out in the complaint, and we shall, therefore, without deciding who paid the consideration, assume for the purposes of this decision that the complaint shows that the entire consideration was paid out of the individual funds of Oliver C. Dalrymple. This construction of the facts alleged is entirely favorable to the defendants, and one as to which they certainly cannot be heard to complain. Predicating our conclusions upon such assumption of fact, we hold that the complaint shows that the plaintiffs are the owners of the property in suit, and that said judgments are not, and never have been, liens upon the title to such property. We know of no rule of law which can be invoked to prevent a purchaser of real estate from directing the vendor to convey the title of the purchased property to another than the purchaser. This is a matter of frequent occurrance, and in such cases the deed will take effect and pass title according to the nature of the grant. Nor does the mere fact that the party who furnishes the consideration is in debt at the time, or that judgments have been docketed against him, operate in the law to defeat a title so conveyed. True, the conveyance was made to the children of Oliver C. Dalrymple, but this fact, standing alone, does not raise an inference of fraud. *Fluegel* v. *Henschel,* 7 N. D. 280, 74 N. W. Rep. 996. Nor does the fact that the plaintiffs paid no consideration —which fact, for the purposes of this opinion only, is assumed— furnish evidence sufficient to establish fraud in the transaction. Rev. Codes, § 5055. Under the section last cited the question whether a transfer of real estate is or is not fraudulent is a question of fact, and the question whether the conveyance to John C. Dalrymple was or was not fraudulent is a question of intent, under section 5052, Rev. Codes. True, the law sometimes conclusively presumes a fraudulent intent from a transaction which necessarily and inevitably operates to hinder, delay, or defraud creditors; but no such transaction is pleaded here. There is no allegation of any fraudulent intent, nor that Oliver C. Dalrymple was insolvent when this conveyance was made or at any time, and there is no such presumption arising from the facts pleaded. But we deem it unnecessary to further discuss this feature of the case. Upon this record the transfer of title to these plaintiffs has not been attacked upon the ground of a fraudulent intent in its transfer upon the part either of the plaintiffs or of Oliver C. Dalrymple. Until such an attack is made, we deem it both unnecessary and unwise to further enlarge upon the question of fraud in the transfer.

Only a single point remains for consideration. Counsel for defendants contend that the representative capacity of Oliver C. Dalrymple as guardian of the plaintiffs is insufficiently alleged, and that it is

not stated that said Dalrymple was in fact guardian at the commencement of the action. A careful perusal of the complaint has convinced this court that this criticism upon the complaint is unsound. The averments of the facts in question here might have been made more specific by motion, but that right has been lost by demurring. In any event, these defendants are not in a position to raise the point, for the reason that they have not raised the same by their demurrer to the complaint. Not being so raised by demurrer, the point is waived. The objection goes to the capacity of Oliver C. Dalrymple to sue in the character of guardian in which he has assumed to represent the plaintiffs in this action. This objection can only be raised by special demurrer upon the ground of want of capacity to sue. No such demurrer was interposed. The omission is fatal. Authority on this point is abundant. See Phil. Code Pl. § 296; Bliss, Code Pl. §§ 407-409, inclusive; 6 Enc. Pl. & Prac. 323, and cases in note 5. The order overruling the demurrer to the complaint will be affirmed, and the case remanded for further proceedings in the District Court. All the judges concurring.