# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 208

Marvin Nelson, Michael Coachman,
and Paul Sorum,

Plaintiffs and Appellants

v.

Barbara Lindvig, Wesley Lindvig,
and Unknown Persons,

Defendants and Appellees

### No. 20230257

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

and

Marvin Nelson, Michael Coachman,
and Paul Sorum,

Petitioners and Appellants

v.

Persons Unknown, Kenneth & Mary Schmidt,

Respondents and Appellees

and

Wesley Lindvig & Barbara J. Lindvig,

Respondents

### No. 20240106

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Paul Sorum, Fargo, ND (argued), Marvin Nelson, Rolla, ND (argued) and Michael Coachman, Larimore, ND (appeared), self-represented, appellants.

Taylor D. Olson, Williston, ND, for appellees; submitted on brief.

**Nelson, et al. v. Lindvig, et al.**
**Nos. 20230257 and 20240106**

**Crothers, Justice.**

[¶1] Marvin Nelson, Michael Coachman, and Paul Sorum (collectively "petitioners") appeal from district court orders in McKenzie and Williams Counties dismissing their petitions to quiet title in certain minerals below the "Wenck line" of the Missouri River and Lake Sakakawea and awarding attorney's fees. Because the cases are factually and legally interrelated, we resolve them in one decision where we affirm in part, reverse in part, and remand the cases for further proceedings.

I

[¶2] The petitioners argue that North Dakota relinquished any claim to the mineral rights below the Wenck line of the Missouri River and Lake Sakakawea when N.D.C.C. ch. 61-33.1 became effective in 2017. *See Sorum v. State*, 2020 ND 175, 947 N.W.2d 382 (explaining developments leading to adoption of N.D.C.C. ch. 61-33.1) and *Wilkinson v. Board of University & School Lands*, 2020 ND 179, 947 N.W.2d 910 (applying N.D.C.C. ch. 61-33.1 to determine the State had no ownership interest in certain minerals).

[¶3] The petitioners claim the State owned or claimed to own the disputed mineral interests until N.D.C.C. ch. 61-33.1 was enacted in 2017. The petitioners list 16 issues in their McKenzie County appeal and 14 issues in their Williams County appeal. Most of what they describe as issues are claims or arguments, which we reduce to those addressed below. The essence of their lawsuits is that the State abandoned the minerals, nobody else has claimed the minerals, the minerals were "up for grabs" and the petitioners claimed the minerals. They contend the district court erred by not recognizing their ownership of the minerals, by not granting quiet title because they claimed the abandoned minerals before anyone else, and by finding their actions frivolous and awarding the answering defendants their attorney's fees.

## A

### The McKenzie County Lawsuit

[¶4] In March 2023 the petitioners sought to quiet title in mineral rights for 187 parcels of real property within McKenzie County. The petition contains government survey descriptions of each parcel. They argue the mineral rights were owned by the State until the passage of N.D.C.C. ch. 61-33.1 in 2017. The petitioners claim the mineral rights had no owner after being abandoned by the State, and petitioners have claimed them by filing this lawsuit. Starting on February 1, 2023, the petitioners attempted service of process by publication on "unknown persons." *See* N.D.R.Civ.P. 4(e)(3). On February 21, 2023, Wesley and Barbara Lindvig answered and claimed they own mineral rights in both Williams and McKenzie Counties. The petitioners filed motions to strike the Lindvigs' answer and for default judgment. Both motions were denied. The Lindvigs filed a motion to dismiss, which the district court granted under N.D.R.Civ.P. 12(b) for failure to state a claim. The court awarded attorney's fees to the Lindvigs under N.D.C.C. § 28-26-01(2), concluding the petitioners' action was frivolous. The petitioners appeal.

### B

### The Williams County Lawsuit

[¶5] In March 2023 the petitioners sought to quiet title in mineral rights for 206 parcels of real property within Williams County. The petition contains government survey descriptions of each parcel. They argue the mineral rights were owned by the State until the passage of N.D.C.C. ch. 61-33.1 in 2017. The petitioners' claim to the McKenzie County mineral rights is identical to the Williams County claim.

[¶6] Wesley and Barbara Lindvig and Kenneth and Mary Schmidt answered the petitioners' petition and later filed a motion to dismiss on grounds that: (1) petitioners did not comply with Rule 4 of the North Dakota Rules of Civil Procedure; (2) the petitioners do not own the surface interest of the lands listed

2

in their petition and cannot succeed under the abandoned minerals statute, N.D.C.C. § 38-18.1-06; and (3) petitioners are not the current owners of the mineral interests listed in the petition. The Lindvigs and Schmidts argue the petition was frivolous and requested attorney's fees. The district court granted the motion to dismiss and awarded attorney's fees. The petitioners timely appealed.

## II

[¶7] The respondents in each case moved to dismiss the petitions for failure to state a claim upon which relief could be granted. *See* N.D.R.Civ.P. 12(b)(6). The petitioners claim the district courts erred by dismissing their cases for failure to state claims upon which relief could be granted.

[¶8] Our process for considering a motion to dismiss for failure to state a claim is well established:

> "On appeal from an order granting the dismissal of a complaint, this Court construes the complaint in the light most favorable to the plaintiff and accepts as true the well-pleaded allegations in the complaint. The district court's order granting a motion to dismiss will be affirmed if this Court cannot find potential proof to support the complaint."

*Schmidt v. Hageness*, 2022 ND 179, ¶ 3, 981 N.W.2d 120 (internal citations omitted) (citing *Atkins v. State*, 2021 ND 83, ¶ 9, 959 N.W.2d 588). "The decision to grant the motion to dismiss is reviewed de novo." *Id*. This Court reviews an appeal from a judgment awarding attorney's fees under the abuse of discretion standard. *Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2007 ND 46, 729 N.W.2d 326. "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law." *Id.* at ¶ 18.

## A

[¶9] The petitioners claim the district courts erred by dismissing their lawsuits because they own the disputed minerals and, by virtue of that ownership and the

lack of a timely claim by any other party, they are entitled to have title quieted in their names.

[¶10] The petitioners' theory is that they own an interest in the disputed minerals, providing them standing to quiet title to the parcels. Their ownership claim is that the minerals were abandoned by the State upon enactment of N.D.C.C. ch. 61-33.1 in 2017, that the minerals had no owner after abandonment, and that the minerals could be claimed by anyone. They allege they own the mineral interests because they claimed the minerals before anyone else. They alleged in their quiet title petitions and argue on appeal that the holding in *Dalrymple v. Security Loan & Trust Co. of Casselton*, 83 N.W. 245, 248 (N.D. 1900) permits them to maintain these actions. Relatedly, they contend their assertion of ownership gives them standing to maintain quiet title actions and, when nobody timely answered and asserted a superior interest, they were entitled to have title quieted in them by default and as a matter of law. We conclude the petitioners' lack of title or interest in the property and the resulting inability to maintain a quiet title action is dispositive.

1

[¶11] The petitioners contend the State abandoned all interest in the disputed minerals when it enacted N.D.C.C. ch. 61-33.1 in 2017. They argue "[t]he state holds no claim or title to any minerals above the ordinary high water mark . . ." and, therefore, ch. 61-33.1 is a quitclaim. The petitioners continue by asserting the disputed mineral interests are available and subject to claim under N.D.C.C. ch. 61-33.1 by anyone, and title to the minerals automatically transfers to anyone who claims them.

[¶12] "Chapter 61-33.1, N.D.C.C., provides a process for determining the State's sovereign land mineral ownership within a geographic area and the return of royalties or other funds incorrectly paid to the State." *Wilkinson*, 2020 ND 179, ¶ 28. The legislature enacted N.D.C.C. ch. 61-33.1 to clarify claims of State ownership of minerals underneath Lake Sakakawea. Chapter 61-33.1 directed the State to release mineral extraction royalties to the actual claim owners of

4

tracts lying entirely above the high-water mark. Rena Meisler, North Dakota, 25 U. Denv. Water L. Rev. 147 (2021).

[¶13] Chapter 61-33.1, N.D.C.C., simply provides a process for determining what property is part of the historical Missouri riverbed channel, owned by the State as sovereign lands, and for determining whether money paid to the State in error should be returned to the actual property owner. Contrary to the petitioners' arguments, chapter 61-33.1 did not abandon the State's mineral interests and allow those interests to be claimed by any person who does not otherwise have a right, title or interest in the minerals. *See Sorum*, 2020 ND 175, ¶ 46 ("[T]he lakebed above the historic OHWM and accompanying mineral estates were never the State's to 'give away.' The State does not violate the gift clause by transferring property or renouncing claims to property that it does not own in the first instance.").

2

[¶14] The petitioners must have a valid interest or ownership in the disputed mineral interests to maintain these quiet title actions. The applicable law provides:

> *"An action may be maintained by any person having an estate or an interest in, or lien or encumbrance upon, real property*, whether in or out of possession thereof and whether such property is vacant or unoccupied, against any person claiming an estate or interest in, or lien or encumbrance upon, the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance."

N.D.C.C. § 32-17-01 (emphasis added).

[¶15] A party with a valid interest in real property has standing to have a court decide the merits of a dispute regarding the property. *Finstad v. Gord*, 2014 ND 72, ¶ 23, 844 N.W.2d 913. Conversely, a quiet title action cannot be used to acquire an interest in real property. *See Woodland v. Woodland*, 147 N.W.2d 590, 602 (N.D. 1966) ("In an action to quiet title to realty, the plaintiff must rely upon

5

the strength of his own title and not upon the weakness of that of his adversary.").

[¶16] The petitioners have no interest in the disputed minerals. Rather, as recognized by the Williams County district court the petitioners employ "a convoluted and circular legal theory" to attempt to create an ownership interest or estate in the minerals by simply asserting ownership and demanding through a burden shift that any person asserting a competing claim of title be required to disprove the superiority of the petitioners' claimed interest. Such a process and proceeding is not permitted under the plain language of N.D.C.C. § 32-17-01.

[¶17] Under N.D.C.C. § 32-17-01, the petitioners must have "an estate or an interest in, or lien or encumbrance upon, real property . . ." The theory underlying the petitioners' actions is that the disputed minerals have no owner—and that they seek to become the owner through this process. However, the law authorizing quiet title actions does not permit the type of reverse-engineering engaged in by the petitioners. Rather, the statute requires that a quiet title petitioner first own an estate in real property, and then that owner can seek to test the claims of others. N.D.C.C. § 32-17-01 ("An action may be maintained by any person having an estate or an interest in, or lien or encumbrance upon, real property. . ."). The statutes and our case law does not permit a stranger to the title to attempt to establish an estate in the first instance through the default of an actual interest owner. *See Woodland*, *supra* (holding that a person seeking to quiet title must have an independent claim to the title rather than relying solely on the weakness of another party's claim to the same title).

[¶18] The petitioners also argue they hold a sufficient interest in the mineral rights because they are proceeding under N.D.C.C. ch. 38-18.1 to terminate another party's mineral interests. However, their reliance on that law is misplaced because any claim under this chapter requires that the claimants are "owners of the surface estate." *See* N.D.C.C. § 38-18.1-02 ("Title to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment. The owner of the surface estate in the land in or under which the mineral interest is

located on the date of abandonment may record a statement of succession in interest indicating that the owner has succeeded to ownership of the minerals under this chapter."); and N.D.C.C. § 38-18.1-06.1 (providing for perfecting and protecting title of the surface owner). The district courts found, and petitioners concede, they do not own the surface above any of the 393 parcels for which they claim the minerals. Therefore, the courts did not err by rejecting the petitioners' claim to title through the abandoned mineral statutes in N.D.C.C. ch. 38-18.1.

[¶19] Petitioners argue they have a similar interest in the minerals here as the plaintiff did in *Wilkinson v. Board of University and School Lands of the State of N.D.,* 2020 ND 179, 947 N.W.2d 910. Specifically, the petitioners argue the Wilkinsons were strangers to the title before they attempted to have the district court quiet title in the affected minerals. *Id.* at ¶ 2. The petitioners misread the *Wilkinson* decision. The Wilkinsons or their predecessors owned both the surface and mineral rights to the land. *Id.* In 1958, they conveyed the surface rights to the United States but reserved the mineral rights. *Id.* The Wilkinsons had a history of leasing the mineral rights. *Id.* at ¶ 3. Here, by sharp contrast, the petitioners never owned the surface or mineral rights they claim. They have no traceable connection to the hundreds of parcels listed in the petitions. Therefore, the district courts did not err by not following the results in *Wilkinson*.

[¶20] The petitioners also argue that, under a statement in a 1900 North Dakota Supreme Court decision, they hold enough of an interest in the minerals to proceed with this quiet title action. That single line in the opinion is: "Nor can we assent to the proposition that legal title in plaintiff is essential in this state to a recovery in an action when brought for the sole purpose of quieting title." *Dalrymple*, 83 N.W. at 248. However, upon consideration of the whole decision, the *Dalrymple* case does not support the petitioners' argument that they can maintain a quiet title action here.

[¶21] In *Dalrymple,* this Court entertained an appeal from a quiet title action involving claims related to a mortgage default, judgment liens, homestead rights and execution sales. 83 N.W. at 245. Read in context, the sentence relied on by the petitioners was a description of what the law formerly stated—that a quiet

7

title petitioner needed to hold "legal title." *Id*. at 248. The Court explained in *Dalrymple* that the former iteration "was the rule in courts of chancery, and under the rule in chancery possession by the plaintiff was likewise requisite to a recovery." *Id*. The Court further explained that under Revised Code, §§ 5904 and 5486, the pool of quiet title petitioners was expanded to include "any person 'having an estate or interest in real property . . .'" *Id.* This language mirrors the language currently in effect. *See* N.D.C.C. § 32-17-01; and Rev. Codes 1895, § 5904. The Court in *Dalrymple* concluded that "if this action were brought for the sole purpose of removing clouds and quieting title, plaintiffs would be in a position to institute the action if they could show either a legal title or an equitable interest in the premises in question." 83 N.W. at 248-49. The syllabus by the Court confirmed that "Such action may be maintained by a plaintiff who has 'an estate or interest in real property,' whether legal or equitable. Rev. Codes, § 5904." *Id.* at 245.

[¶22] The petitioners argue the holding in *Dalrymple* somehow overrides or excuses the requirement in N.D.C.C. § 32-17-01 that a quiet title petitioner have an estate or interest in the real property at issue. Their argument misreads both the holding in *Dalrymple* and the text of current statute. Under both, the quiet title act can be used by one holding an estate or interest in property to ascertain—not create—their legal or equitable interest in real estate. Therefore, the district courts did not err in rejecting the petitioners' claim that the *Dalrymple* case provided them with a basis for asserting their quiet title claims.

III

[¶23] The petitioners claim the district courts erred in awarding attorney's fees because neither the Schmidts nor the Lindvigs own property described in the quiet title petitions, and therefore do not have standing to recover attorney's fees. Both courts found the cases were frivolous under N.D.C.C. § 28-26-01(2) and awarded $7,067.50 for attorney's fees in McKenzie County and $12,232.50 for attorney's fees in Williams County.

8

[¶24] "This Court reviews a district court's decision regarding attorney's fees under the abuse of discretion standard. A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law." *Gratech*, 2007 ND 46, ¶ 18 (internal citations omitted).

[¶25] Section 28-26-01(2), N.D.C.C., provides that an award of attorney's fees is mandatory if a district court finds a lawsuit is frivolous. A claim is frivolous "if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 30, 841 N.W.2d 705 (cleaned up).

[¶26] In the Williams County case, the record shows the Schmidts have an identifiable connection to the property listed in the petitioners' petition. Because their ownership of land was potentially impacted by the petitioners' claims, the district court did not abuse its discretion in finding the petitioners' claims were frivolous and the Schmidts are entitled to attorney's fees under N.D.C.C. § 28-26-01. We affirm the Williams County order awarding attorney's fees to the Schmidts.

[¶27] In both the McKenzie and Williams County cases the district courts did not explain, and from our review of the record it is not clear, why the Lindvigs are entitled to an award of attorney's fees. The courts did not explain why it was necessary for the Lindvigs to answer or otherwise defend against the petitioners' claims. On this record we are unable to make that determination because we cannot locate a connection between minerals claimed by the Lindvigs in McKenzie or Williams Counties and the disputed mineral interests claimed by the petitioners. Without such a connection, a party cannot simultaneously voluntarily join a lawsuit and seek attorney's fees by claiming the action is frivolous. We remand for a finding of whether the Lindvigs owned mineral interests subject to petitioners' claims and, if so, a determination by the court of attorney's fees and costs expended protecting those interests.

IV

9

[¶28] We have considered the parties' remaining arguments and conclude they are either unnecessary to our decision or are without merit. We affirm dismissal of the McKenzie and Williams County cases and the award of attorney's fees to the Schmidts in the Williams County case. We reverse the award of attorney's fees to the Lindvigs in both cases and remand for findings on whether the petitioners' claims to the disputed property covered interests owned by the Lindvigs.

[¶29]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr