## SUPREME COURT.

ELI STOCKWELL and SILAS STOCKWELL agt. WILLIAM WAGER.

Where the complaint charged that the defendant after the death of his wife, *fraudulently* procured the foreclosure of a mortgage of himself and wife on premises owned by his wife as her separate estate, and through the agency and instrumentality of other persons procured the title to the premises under the foreclosure in his own name, upon which he subsequently gave a mortgage to another person, and the plaintiffs claiming relief as heirs at law of defendant's wife, that the title of the premises be declared to be in the plaintiffs, subject to the last mortgage given by the defendant:

*Held,* that a *demurrer* for the non-joinder as defendants of the persons through whose instrumentality the defendant procured title to the premises, and his mortgagee, *would not lie.*

The defendant had no interest that required these persons to be made defendants, nor could he be prejudiced by the omission to make them parties, or his case improved by making them parties. The interest of the mortgagee was protected by the relief demanded in the complaint, and the other persons could not be necessary to enable the defendant to establish a *bona fide* title if he had one, or to assist him in answering for a fraud of which he was alone charged.

*Albany General Term, May,* 1865.

*Before* HOGEBOOM, PECKHAM *and* INGALLS, *Justices.*

THIS is an appeal from an order of special term overruling a demurrer to the complaint in the above action. The complaint states in substance, that Mary Ann Wager died intestate, seized in fee of the premises which are therein described, leaving her surviving the plaintiffs, her brothers, and only heirs-at-law, who are seized as tenants in common of the said premises; that on the 4th day of April, 1857, the said Mary Ann Wager and the defendant, who was her husband, executed a mortgage upon the said

premises to the Troy Savings Bank, to secure the payment
of $1,400.   At her decease no part of the principal had
been paid, but the interest had been paid ; that the defend-
ant has occupied the premises since the decease of his wife,
under an agreement to pay the interest upon said mortgage;
that in September, 1863, the plaintiffs sent the son of said
Silas Stockwell to ascertain of the defendant whether the
interest had been paid, and the defendant stated to him
that it had been paid, and exhibited what purported to be
a receipt from the said bank to that effect, which informa-
tion was communicated to the plaintiffs, and was by them
believed to be true ; that in fact the interest had not been
paid, and the paper presented was not a genuine receipt
from the bank for the interest of the year 1863 ; that the
defendant fraudulently omitted to pay such interest for the
purpose of procuring a foreclosure of the mortgage, and
thereby vesting in him the title to said premises, with intent
to cheat and defraud the plaintiffs of such property ; that
in October, 1863, the mortgage was assigned to Abram
Wager, the brother of the defendant, which assignment
was procured by the defendant with intent to cause the
same to be fraudulently foreclosed, to cheat and defraud
the plaintiffs ; that in November, 1863, a notice of foreclo-
sure was published in the Troy Weekly Press, but the
plaintiffs had no notice or knowledge of such foreclosure,
and no notice was served upon them by mail or otherwise,
although Abram Wager and Mr. Blair, his attorney, who
conducted the proceedings, were acquainted with the resi-
dence of the plaintiffs ; that the foreclosure proceedings
*were instituted and conducted for the benefit of, and under the
immediate direction of the defendant*, and the premises were
bid in by one Calvin Wager, the nephew of the defendant,
and by him conveyed to the defendant ; that the assign-
ment of the mortgage to Abram Wager, and the foreclo-
sure, and the purchase by Calvin, and the conveyance to
the defendant, were all done fraudulently at the request

of the defendant, and with a design on the part of the defendant to cheat and defraud the plaintiffs of the title to said premises, and to vest the title thereto in the defendant; that subsequent to the conveyance by Calvin Wager to the defendant, the latter executed a mortgage to Henry Ensign to secure $1,500.

The relief demanded in the complaint is, that the title to the premises may be declared to be in the plaintiffs, subject to the Ensign mortgage, and for such further or other relief as the court should deem proper to grant.

The defendant demurs for non-joinder of defendants, on the ground that Abram Wager and Henry Ensign are not made parties.

ROBERTSON & SYLVESTER, *for defendant.*
ALVAH TRAVER *and* M. I. TOWNSEND, *for plaintiffs.*

By the court, INGALLS, J.  Under the Code, pleadings are to be construed favorably to the pleader.  In the complaint it is substantially alleged that the assignment and foreclosure of the mortgage, and the purchase of the premises by Calvin Wager, *were all at the instance of, and for the benefit of the defendant,* and for the fraudulent purpose of divesting the title of the plaintiffs, and that Abram Wager and Calvin Wager were in fact merely instruments by which the defendant accomplished the result.  Such is a fair construction of the complaint.  Hence the real controversy is between the plaintiffs and defendant, and the title to the premises alone is involved.  The relief may consist in a direction that the defendant convey the premises to the plaintiffs, subject to the Ensign mortgage, and upon such further condition as the court may interpose. Or the court may set aside as fraudulent the foreclosure proceedings.  I fail to perceive how Abram Wager or Ensign can be necessary parties in any event.  If it be assumed that Abram Wager purchased the mortgage in

good faith, he has parted with all his interest and received his pay, and is bound by no covenant, and should not be embarrassed by the controversy. If on the other hand, as is alleged, he was a mere instrument of the defendant to perpetuate the fraud, then surely the plaintiffs should not be compelled to make him a party where the only relief is claimed against the defendant. As to Ensign, his rights are expressly protected, as the relief claimed is subject to his mortgage, which is his only claim. The Code (§ 122) provides: "The court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights." This controversy can be determined without making Abram Wager or Ensign parties. If the defendant purchased in good faith, and the transaction is free from fraud, he will be protected, and it is wholly unnecessary that any other persons should be made parties to enable the defendant to establish the defence, if it exists. If on the other hand, the defendant has been guilty of fraud which should invalidate the transaction, he alone is called upon to answer, and the premises which are the subject of the controversy are in his possession, and neither Abram Wager or Ensign claim any interest therein save the mortgage of Ensign, which is protected.

In *Hillman* agt. *Hillman* (14 *How.* 459), decided by this court, Justice HARRIS remarks: "A party sued, may undoubtedly insist that another party ought also to be sued with him. But to sustain a demurrer on this ground, it must appear that the party demurring *has an interest in having such other party made defendant.* As a general rule, the plaintiff may choose for himself what persons he will make defendants. So far as it can, without prejudice to the rights of others, the court will determine the controversy between the parties before it, and when it cannot be done it will take measures to have the necessary parties brought in. *It is not often that a demurrer will lie for a non-*

*joinder of defendants* " (*same page*). " Before the defendant can sustain a demurrer on account of a non-joinder of a defendant, *he must show that his interest requires that he should be made a party to the litigation.*".

*Newbold* agt. *Warren* (14 *Abb.* 85), MASON, J., says : " It is only where the defendant has an interest himself in another's being made a defendant that he can demur for want of parties. It must appear that *his interest requires that such other party* should be made defendants before he can demur." It is clearly settled that although the court perceives that there are persons who should be made parties in order to a complete determination of the controversy, yet unless it is made affirmatively to appear *that the party demurring is to be prejudiced by the omission to make such parties defendants*, the demurrer must be overruled. The remedy is not by demurrer, but by motion, or the court can voluntarily order such parties joined in the action, where the necessity arises. Now in this case, what possible interest has the defendant in having either Abram Wager or Ensign made parties ? . His case cannot be improved thereby, and if not, then upon this ground alone the demurrer fails. The defendant is in possession of the premises, claiming title which he has not derived from Abram Wager, to whom he has not paid a farthing, and from whom in no event can he receive a farthing. His title comes from Calvin Wager, who, it is not pretended by the defendant, is a necessary party.

It is barely possible when the defendant answers, it may be discovered that other persons should be joined as defendants, in which event section 122 prescribes the remedy, which is the order of the court, and not a demurrer. The difficulty with the defendant's case arises from an attempt by demurrer to compel the joining of parties defendant, when it is apparent that his right in this litigation cannot be affected by their absence from the record. Why should Abram Wager. be made a party ? He claims nothing, and

no relief is demanded against him. And there is nothing in the complaint to show that the defendant pretends that he has any claim against him which can be the subject of investigation in this action. Assume that to grant adequate relief the foreclosure proceedings must be set aside, it certainly does not follow that the defendant has any interest in having Abram Wager made a party defendant, as he has no possible claim against him. It is not the province of the defendant to protect Wager; that belongs to the court, and when it becomes necessary can order him made a party.

I therefore conclude that the order overruling the demurrer should be affirmed, with costs.

PECKHAM, J., concurred.

HOGEBOOM, J., dissented.