# SAMUEL RANDALL and Duncan Ferguson v. JOHN JOHN-STONE.

(128 N. W. 687.)

### Parties — Nonjoinder — Only One Interested Can Demur.

1. A demurrer for nonjoinder of parties will not be sustained unless it appears that the demurrant has an interest in having the omitted party made defendant, or is in some way prejudiced by the omission.

### Demurrer — Misjoinder — Causes Properly United.

2. The defendant demurred to the complaint on the ground, among others, that several causes of action were improperly united in said complaint. For reasons stated in the opinion the demurrer was properly overruled.

---

**Adverse Claims — Sufficiency of Complaint.**
   3. Complaint examined and, *held,* that the facts therein alleged are sufficient
to constitute a cause of action.

Opinion filed November 23, 1910.

Appeal from District Court, Billings county; *Honorable W. C. Crawford, J.*

Action by Samuel Randall and Duncan Ferguson against John Johnstone. From an order overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*Heffron & Baird* and *J. A. Miller,* for appellant.

In an action to cancel a contract, each signer is a proper party to the action. Thompson v. Coffman, 15 Or. 631, 16 Pac. 713; Ex parte Fulton, 7 Cow. 484; Scheid v. Leibshultz, 51 Ind. 38; Kendall v. Kendall, 7 Me. 171; Staples v. Wheeler, 38 Me. 372; Clark v. Rawson, 2 Denio, 135.

*Purcell & Divet, McFarland & Murtha,* and *A. J. Denoyer,* for respondents.

Only when one has an interest in having a party brought in, can he demur for nonjoinder.

30 Cyc. Law & Proc. 141 and note 60; Stockwell v. Wager, 30 How. Pr. 271; Summers v. Moore, 115 N. C. 700, 20 S. E. 714; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245.

CARMODY, J.   The complaint in its first paragraph sets out in full a contract of sale dated January 15th, 1906, between the Golden Valley Land and Cattle Company, and defendant, of section 11, township 138, range 106, Billings county, North Dakota, which contract is signed by the defendant and by Carrie Johnstone, although her name is not mentioned in the body of the contract; and further alleges in substance as follows: (2)   That the contract was canceled by mutual consent on or about the 18th day of January, 1906.   (3) That on or about the 8th day of June, 1907, the defendant, well knowing that said contract was canceled, and for the purpose of encumbering and clouding the title to said land, and harassing the owners thereof, and furnishing a pretext for making claim thereto, and for trespassing thereon,

presented said contract to the register of deeds of Billings county, and filed the same for record, with an indorsement on said contract purporting to be an acknowledgment by the defendant before a notary public. (4) That in truth and in fact the said instrument was never acknowledged so as to entitle it to record, but the Register of Deeds, believing the said instrument entitled to record, recorded the same. (5) That about the month of April, 1907, the said Golden Valley Land and Cattle Company duly sold and conveyed the southeast quarter of said section 11 to the Stondall Land and Investment Company. (6) That the ownership of said land was in the Golden Valley Land and Cattle Company at the time it conveyed the same to the Stondall Land and Investment Company. (7) That on or about the 15th day of April, 1909, the said Stondall Land and Investment Company by warranty deed conveyed the said southeast quarter of said section 11 to these plaintiffs, who have ever since been and now are the owners thereof. (8) That the plaintiffs took the land and the conveyance thereof in good faith, for an adequate consideration, and without knowledge of any claim thereto by the defendant. (9) That in the spring of 1908, the defendant, without the knowledge or consent of the owner of said land, entered upon the same and forcibly excluded the said Stondall Land and Investment Company therefrom, and has ever since forcibly excluded the Stondall Land and Investment Company and these plaintiffs therefrom. (10) That in the season of 1908 the defendant raised a crop on said land of the value of $1,000, and in the season of 1909 raised a crop on said land of the value of $1,500. (11) That neither the Stondall Land and Investment Company, nor these plaintiffs, had any knowledge that defendant had cropped said land, until about the time of harvesting the crop of 1909. (12) That the value of the use and occupation of said land for the years 1908 and 1909 is $750 a year. (13) That the actual detriment caused the owners of said land by reason of being excluded therefrom was $1,000 for the year 1908, and $1,500 for the year 1909. (14) That the withholding of the possession of said land from the said Stondall Land and Investment Company and from these plaintiffs, and the taking possession of said land in the first instance, was wrongful and unlawful, and the same was taken and held as part of a fraudulent scheme on the part of the defendant to obtain the use of said land. (15) That, in pursuance of

such fraudulent scheme, the defendant, well knowing that he is a trespasser, claims to be an adverse holder of said land under the contract aforesaid. (16) That said contract, and the record thereof, constitute a cloud upon the title of the plaintiffs to said land. (17) That the defendant threatens and intends to, and unless enjoined and restrained by order of the court will continue to, keep and possess the said lands, and farm and crop the same, and plaintiffs have no means of preventing such occupation, use, and cropping of said lands except by application to the court for an injunction against such acts. (18) That the defendant is insolvent, or so nearly so that a judgment against him on account of his unlawful holding of said land would be uncollectable.

The prayer for relief asks that the contract be canceled of record; that the defendant be required to surrender the same to the plaintiffs, that he be enjoined from farming or cropping said land during the pendency of this action and from interfering with the plaintiffs, and that plaintiffs recover from the defendant either the value of the use and occupation of said land since the same was taken possession of by the defendant, triple damages for the actual detriment caused by the detention thereof, or that the defendant be declared a trustee of the plaintiffs, and required to account as a trustee for the farming operations of said land as the facts shall show plaintiffs entitled to, and that plaintiffs have any other further or different relief that the facts in equity shall entitle them to, and for their costs.

To this complaint defendant demurred on the following grounds:

1. That said complaint shows that there is a defect in parties defendant in that Carrie Johnstone is a necessary party defendant in this action.

2. That several causes of action have been improperly united in said complaint.

The court made an order overruling said demurrer, from which order defendant appeals to this court.

Appellant claims that Carrie Johnstone has rights at issue in this action, and that she became bound by signing the contract, even though not mentioned in the body of the instrument. Whether she has rights under the contract is not material to a decision herein.

The rule laid down in 30 Cyc. Law & Proc. p. 141, is as follows: "A demurrer for nonjoinder of parties will not be sustained unless

it appears that the demurrant has an interest in having the omitted party made defendant, or is in some way prejudiced by the omission."

A party sued may undoubtedly insist that another party ought also to be sued with him. But to sustain a demurrer on this ground, it must appear that the party demurring has an interest in having such other party made defendant. As a general rule the plaintiff may choose for himself what persons he will make defendants. So far as it can, without prejudice to the rights of others, the court will determine the controversy between the parties before it, and, when it cannot be done, it will take measures to have the necessary parties brought in. It is not often that a demurrer will lie for a nonjoinder of defendants. Before the defendant can sustain a demurrer on account of a nonjoinder of a defendant, he must show that his interest requires that such person should be made a party to the litigation.

It is clearly settled that, although the court perceives that there are persons who should be made parties in order to a complete determination of the controversy, yet unless it is made affirmatively to appear that the party demurring is to be prejudiced by the omission to make such parties defendants, the demurrer must be overruled. The remedy is not by demurrer, but by motion, or the court can voluntarily order such parties- joined in the action where the necessity arises. Now in this case, what possible interest has the defendant in having Carrie Johnstone made a party? His case cannot be improved thereby, and, if, not, then upon this ground alone the demurrer fails. The complaint does not show that Carrie Johnstone has any interest in this land, but, even if she has, the decree of the court, when she is not a party to the action will not be binding upon her, and whatever rights, if any, she has can be protected by herself in an adequate proceeding. Stockwell v. Wager, 30 How. Pr. 271; Summers v. Moore, 115 N. C. 700, 20 S. E. 714; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245.

In Dalrymple v. Security Loan & T. Co. supra, which was an action to quiet title, the defendants demurred to the complaint on the ground, among others, that there was a defect of parties defendant. The court says: "There is, however, unanimity in the decisions, to the effect that a demurrer for defect of parties cannot be sustained unless the 'demurrant has an interest in having the omitted party joined, or that

he is prejudiced by the nonjoinder,' " and cites Bliss, Code Pl. § 298, and cases cited in note C; also 6 Enc. Pl. & Pr. p. 311. The court further says: "No suggestion is made, however, tending to show wherein the defendants are prejudiced by the absence of Oliver C. Dalrymple [an omitted party] as a party; nor are we able to discover from anything averred in the complaint that his absence or presence as a party can prejudice or affect the interests of the defendants. . . . Nothing appears tending to show that John C. [Dalrymple an omitted party] claims any title as against the plaintiff, or that any person, whether a party to this action or not, has ever claimed title, right, or lien through or by any act done or omitted by John C. Dalrymple."

Appellant claims that several causes of action are improperly united in the complaint; that paragraphs 1 to 4 set out a contract for the sale of all of section 11; paragraphs 5 and 6 the transfer in April, 1907, by the Golden Valley Land and Cattle Company, to the Stondall Company, of the southeast quarter of said section 11; paragraphs 7 and 8, the transfer, April 15, 1909, from said Stondall Company to plaintiffs, of the said southeast quarter of section 11; paragraphs 9 and 10 the entry of defendant upon the land and his raising a crop in 1908 worth $1,000 and a crop in 1909 worth $1,500; paragraphs 12 and 13 allege the value of the use and occupation of the land to be $750 each year for 1908 and 1909, and the actual damage caused the owners, $1,000 for the year 1908, and $1,500 for 1909; argues that it is impossible to tell whether the plaintiffs refer to all of section 11 or only to the southeast quarter thereof; that plaintiffs demand a cancelation of record of the contract for a whole section of land when they only own one quarter, and still further to surrender to these claimants of one quarter, the contract for the whole section; claims that plaintiffs not only demand rent for the southeast quarter, which they claim to own, but for the other three quarters of the section, which they do not claim to own; claims that plaintiffs have no right to join a cause of action for themselves with a cause for the Stondall Company. We do not think that the complaint is vulnerable to attack upon the ground that several causes of action are improperly united. It may be true, and no doubt is true, that plaintiffs are asking for more relief than they are, under the allegations of the complaint, legally or equitably entitled to recover, but this fact does not debar them from recover-

ing the relief to which the complaint shows they are entitled. Aside from the questions of non-joinder of parties defendant, and misjoinder of causes of action, we are not here concerned with this question, but merely whether the complaint contains allegations sufficient, if established, to entitle them to any relief in the action. For the purpose of disposing of this question, the prayer for relief is no part of the complaint. Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099; Bliss, Code Pl. § 417; Maxwell, Code Pl. 9.

The trial court will adjust the equities of the parties on the trial. No matter what relief plaintiffs claim in their pleading, other parties cannot be prejudiced thereby, as they will receive no more relief than they are entitled to. We take it that the principal object of this action is to quiet title in the plaintiffs to whatever portion of section 11 they show title to, and to recover rents and profits or whatever damages they are entitled to for the withholding of the land, and to restrain and enjoin the defendant from further cropping or interfering in any way with whatever rights or interests in the land plaintiffs have.

The appellant, for the first time, raises the question in this court that the complaint does not state facts sufficient to constitute a cause of action, and urges all the grounds urged by him in support of the demurrer hereinbefore mentioned. What we have hereinbefore said is sufficient answer to the contention of appellant that the complaint does not state facts sufficient to constitute a cause of action.

In view of the fact that the arguments in this and two other companion cases were advanced in this court, if the District Court in its discretion allows the defendant to answer, we suggest that it be upon condition that the case be placed on the calendar at the next term of the District Court in Billings county.

The order appealed from is affirmed. All concur.