GOLDEN VALLEY LAND & CATTLE COMPANY v. JOHN JOHNSTONE.

(128 N. W. 690.)

**Demurrer — Misjoinder — Demand for Relief.**

1. In an action brought primarily for the purpose of determining adverse claims to real property, a demurrer to the complaint stating as the only ground for demurrer that several causes of action are improperly united cannot be sustained when the facts stated in the complaint only constitute one cause of

21 N. D.—7.

action, although the demands for relief may be inconsistent, or applicable to different causes of action which could not be properly united. For the purpose of determining whether demurrer will lie in such case, the demands for relief form no part of the cause of action.

**Appeal and Error — Demurrer — Misjoinder — Objections in Court Below.**
2. The complaint was demurred to on the ground only that it improperly united several causes of action. It is contended in this court on appeal from an order overruling such demurrer, that the complaint does not state a cause of action, and that therefore the order overruling the demurrer should be reversed.

*Held,* that this question is not before this court.

Opinion filed November 23, 1910.

Appeal from District Court of Billings county; *Crawford,* J.

From an order overruling defendant's demurrer to plaintiff's complaint, defendant appeals.

Affirmed.

*Heffron & Baird* and *J. A. Miller,* for appellant.

In the statutory action to determine adverse claims, there can be only the recoveries specified in the statute. Chandler v. Hanna, 73 Ala. 390; Roberts v. Landecker, 9 Cal. 262; French v. Willer, 126 Ill. 611, 2 L.R.A. 717, 9 Am. St. Rep. 651, 18 N. E. 811; McKinney v. Monongahela Nav. Co. 14 Pa. 65, 53 Am. Dec. 517; 1 Cyc. Law & Proc. p. 707, note 95.

A complaint that states no cause of action cannot support a judgment. Harmon v. Ashmead, 60 Cal. 439; Rogers v. Shannon, 52 Cal. 99; Pittman v. Myrick, 16 Fla. 692; Curtis v. Cutler, 7 Neb. 315; Weidner v. Rankin, 26 Ohio St. 522; Southwick v. First Nat. Bank, 84 N. Y. 420; Rayner v. Clark, 7 Barb. 581.

The point can be raised at any stage of the action, and in the appellate court for the first time. Parker v. Bond, 5 Mont. 1, 1 Pac. 209; Territory ex rel. Blake v. Virginia Road Co. 2 Mont. 96; Macintosh v. Renton, 2 Wash. Terr. 121, 3 Pac. 830; Garfield County v. Leonard, 26 Colo. 145, 57 Pac. 693; Nance v. People, 25 Colo. 252, 54 Pac. 631; Sage v. Plattsmouth, 48 Neb. 558, 67 N. W. 455; Guthrie v. Nix, 3 Okla. 136, 41 Pac. 343; Holt v. Pearson, 12 Utah, 63, 41 Pac. 560; Mack v. Salem, 6 Or. 276.

*Purcell & Divet* and *MacFarlane & Murtha,* for respondent.

Objection to pleading will not be sustained if first made on appeal. First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 A. & E. Ann. Cas. 213; Harshman v. Northern P. R. Co. 14 N. D. 69, 103 N. W. 412; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Wright v. Sherman, 3 S. D. 290, 17 L.R.A. 792, 52 N. W. 1093; Fbley v. Dwyer, 122 Mich. 587, 81 N. W. 569; Nelson v. Modern Brotherhood, 78 Neb. 429, 110 N. W. 1008; Reeves v. Howard, 118 Iowa, 121, 91 N. W. 896; Insurance Co. of N. A. v. Bonner, 24 Colo. 220, 49 Pac. 366; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Edward Malley Co. v. Londoner, 41 Colo. 436, 93 Pac. 488; United States Mineral Co. v. Camden, 106 Va. 663, 117 Am. St. Rep. 1028, 56 S. E. 561.

Demurrer for misjoinder must point out the misjoined causes. Rev. Codes 1905, § 6855; Cowan v. Motley, 125 Ala. 369, 28 So. 70; Healy v. Visalia & T. R. Co. 101 Cal. 585, 36 Pac. 125; Henderson v. Johns, 13 Colo. 280, 22 Pac. 461; Owsley v. Montgomery & W. P. R. Co. 37 Ala. 560; Green v. Taney, 7 Col. 278, 3 Pac. 423; Central R. Co. v. Joseph, 125 Ala. 313, 28 So. 35; Cohen v. Ottenheimer, 13 Or. 220, 10 Pac. 20; Baker v. Hawkins, 29 Wis. 576; Gardner v. Fisher, 87 Ind. 369; Owen v. Oviatt, 4 Utah, 95, 6 Pac. 527.

Pleading must state two or more good causes of action to be demurrable for misjoinder. Keens v. Gaslin, 24 Neb. 310, 38 N. W. 797; 31 Cyc. Law & Proc. p. 292; Boyd v. Mutual Fire Asso. 116 Wis. 155, 61 L.R.A. 918, 96 Am. St. Rep. 948, 90 N. W. 1086, 94 N. W. 171; Times Pub. Co. v. Everett, 9 Wash. 518, 43 Am. St. Rep. 865, 37 Pac. 695; Colstrum v. Minneapolis & St. L. R. Co. 32 Minn. 367, 18 N. W. 94; Hiles v. Johnson, 67 Wis. 517, 30 N. W. 721.

If more than one cause of action is stated, they are connected with the subject of the action. Telulah Paper Co. v. Patten Paper Co. 132 Wis. 425, 112 N. W. 522; Brahm v. M. C. Gehl Co. 132 Wis. 674, 112 N. W. 1097; Reed v. Bernstein, 103 Minn. 66, 114 N. W. 261; Sheets v. Prosser, 16 N. D. 180, 112 N. W. 72; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; Armstrong v. Hinds, 8 Minn. 254, Gil. 221.

Different or inconsistent demands for relief have no bearing on whether two causes of action are stated. 1 Abbott, Trial Brief, 746;

et seq.; San Diego Water Co. v. San Diego Flume Co. 108 Cal. 549, 29 L.R.A. 839, 41 Pac. 495; Florence Gas, Electric Light & P. Co. v. Hanby, 101 Ala. 15, 13 So. 343; McGraw v. Woods, 96 Fed. 56.

SPALDING, J.   This appeal is from an order of the district court of Billings county, overruling defendant's demurrer to the plaintiff's complaint, because several causes of action are improperly united. The complaint is primarily to determine adverse claims to real property, under the provisions of chapter 31, Rev. Codes 1905, and tho objections of the appellant are directed not toward the body of the complaint, which states the facts on which the plaintiff relies for recovery, but toward the several demands for relief or money judgment, and he argues the appeal upon the theory that such demands enter into or constitute several causes of action, which cannot be united.

A somewhat similar complaint has just been passed upon in another action, in which the opinion has just been filed, and where the order overruling the demurrer was sustained.   Randall v. Johnstone, 20 N. D. 493, 128 N. W. 687.   It is not contended that the facts alleged in the complaint constitute more than one primary right and one wrong involving that right, and if that be correct it is immaterial, for the purpose of determining this appeal, how many kinds of relief the plaintiff may claim to be entitled to or ask to recover, for the relief in such case is no part of the cause of action.   Plaintiff has other adequate remedies if improper or inconsistent forms of relief are demanded.   See Pom. Code Remedies, §§ 453–455.   For these reasons the demurrer was properly overruled.

Appellant further contends, however, that the complaint does not state a cause of action, and that objections on that ground may be made at any stage of the litigation.   This objection rests upon the failure of the plaintiff in setting out his title or interest in the land to which title is sought to be quieted in its complaint.   The complaint alleges that on the 18th of January, 1906, and long prior thereto, plaintiff had an estate and interest in, and was entitled to, the possession of the land described, and that the nature of such right and estate consisted in a purchase of such land under a contract for a deed by the plaintiff, and the possession of plaintiff, and its right to a warranty deed upon making certain deferred payments.   It does not

allege that the plaintiff had any estate or interest or title in the land when the action was commenced. It is claimed on argument, and is doubtless a fact, that this was a clerical omission in transcribing the complaint, by plaintiff's stenographer. This, however, is immaterial, and we need not determine whether the allegation in the complaint is adequate. It is sufficient to say that the attention of the trial court was not called to it, that the demurrer did not cover it, and that this appeal is only from an order overruling the demurrer on the ground that several causes of action were improperly united. It follows that the question of the insufficiency of the complaint was not before the trial court, and no ruling of the trial court on that question is brought before us by this appeal. This court is only called upon to pass upon the order appealed from. It is not within its province to pass upon something which was not decided by the lower court, or upon something which it may be imagined that court would have decided had it been before it. We therefore decline to pass upon this question. The suggestion offered to the district court in Randall v. Johnstone, supra, is applicable in this case.

The order of the District Court is affirmed.