[File No. 6552.]

JOHN GRAY, State Treasurer, as Trustee for the State of North Dakota, Appellant, v. M. G. MOYLAN, County Auditor of Towner County, North Dakota, and Towner County, North Dakota, a Corporation, Respondents.

(283 N. W. 191.)

Opinion filed December 31, 1938.

Robert Birdzell and T. A. Thompson, Assistant Attorney General, for appellant.

Kehoe & Kehoe, for respondents.

BURR, J. This case involves the rights of the state of North Dakota, under a mortgage dated December 15, 1924, executed by the owners of the northeast quarter of section 34 and the northwest quarter of section 35 in township 164, range 68, in Towner County, to the Manager of the Bank of North Dakota as security for the payment of the sum of $3800.00 with interest, which mortgage was endorsed, assigned, and transferred to the plaintiff, the State Treasurer, as trustee for the State of North Dakota, "for the benefit of the holders of bonds of the State of North Dakota, which bonds are outstanding and unredeemed and are general obligations of the State of North Dakota . . . ."

The complaint shows the foregoing facts and that the loan was made under and by virtue of the statutory provisions governing the issue of bonds of this state, known as "Real Estate Series" bonds, and alleges that the owners of the land agreed to pay all taxes levied against the land; that in default thereof the Bank or its assigns could pay the same if they should so elect, and the amount paid would become part of the principal sum due; that for the years 1929 to 1937 inclusive the mortgagors failed to pay the taxes that were levied on the land and thereafter, on December 9, 1930, the county sold the land for the unpaid general taxes previously levied against the same, and as there were no outside bidders the land was "struck off to the defendant county, which is now the owner and holder of two (2) certain tax sales' certificates describing said real property, and showing the amount necessary to redeem the same . . . ."; that on January 21, 1938 the defendant Moylan, as county auditor of the county, notified the plaintiff that unless redemption was made from said sale, tax deed would be issued to the defendant county "vesting in it absolute title in fee to said property, and foreclosing all rights of redemption, and

any and all other rights of mortgagees and other persons interested therein. That, according to said notices, the amount of money which must be paid to redeem said property is more than One Thousand Four Hundred Seventeen and 10/100 ($1,417.10) Dollars."

The complaint alleges that the plaintiff is unable to redeem the property, and "if the defendants are permitted to foreclose the plaintiff's interest in the mortgage lien against said real property, the assets of the public trust of which said note and mortgage are a part, and for the protection of which the plaintiff is responsible, will be substantially impaired, and the State of North Dakota, and the owners and holders of the real estate bonds of the State of North Dakota will suffer serious injury; that the plaintiff has no plain, speedy and adequate remedy at law."

The complaint demands that the county auditor be enjoined from issuing tax deeds; the county be prevented from taking any further steps in the tax proceedings that will in any manner defeat or interfere with the plaintiff's rights and duties as trustee of said fund and that the plaintiff's rights be held to be "superior to the rights of the defendants and that plaintiff's rights in and to the premises described in said mortgage are not subject to taxation or to tax proceedings, that will in any way impair plaintiff's rights in and to said premises by virtue of said note and mortgage."

"That it be adjudged and determined that the rights of the plaintiff herein are superior to the rights of the defendants and that plaintiff's rights in and to the premises described in said mortgage are not subject to taxation or to tax proceedings, that will in any way impair plaintiff's rights in and to said premises by virtue of said note and mortgage.

"That the plaintiff have such other general relief as may be just, together with his costs and disbursements in this action."

The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and the plaintiff appeals.

The complaint shows that the owners of land borrowed money from the Bank of North Dakota; to secure repayment they gave a mortgage upon the land owned; in accordance with the statutes of this state such mortgage was assigned to the State Treasurer as security for real es-

tate bonds issued by the state. There is no claim that the mortgage has been foreclosed and nothing whatever to show it is not a valid and subsisting lien against the land. The complaint alleges that the defendants claim and have an interest in or lien upon the premises which has accrued since the mortgage and the assignment of the mortgage to the plaintiff and that such "right, interest or .lien is subject to, subsequent to, and inferior to the rights of this plaintiff," but claimed by defendants to be superior. By demurrer defendants admit this. The plaintiff certainly has a cause of action of some nature. The demurrer admits the allegations of the complaint that are well pleaded (Englund v. Townley, 43 N. D. 118, 122, 174 N. W. 755) and this means the demurrer admits that the plaintiff has a valid and subsisting lien against this land and that the county claims to have liens against the land.

The prayer for relief is not controlling. Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690; Moropoulos v. C. H. & O. B. Fuller Co. 186 Cal. 679, 200 P. 601, 606. The plaintiff has a right to have the priority of the liens adjudicated even if he may not be entitled to all the relief demanded.

In justice to the trial court it is only right to state that the case seems to be submitted upon the theory that all the facts are stipulated and that judgment could be entered thereon. However, we can not overlook the fact that this matter comes before us on a demurrer to the complaint. The demurrer says the complaint does not state a cause of action. In that case the action would be dismissed unless complaint is amended. The plaintiff asks for such general relief as may be just, and he has a right in this action to have the relative rights of the parties adjudicated. If, as the defendants argue in the brief, the lien for taxes is of a rank equal to the lien of the plaintiff, this does not dispose of the fact that the plaintiff has a lien on the land and a right to have the priority of liens determined. If the defendants admit that the tax lien is inferior to the lien of the plaintiff, this does not appear in the pleadings. There must be some determination as to this issue. The demurrer does not take the place of a motion for judgment on the pleadings; nor one to make a pleading more certain.

. In the case of State v. Burleigh County, 55 N. D. 1, 212 N. W. 217, a case of similar import was before this court though in. the case

·cited the mortgage had been foreclosed and deed issued to the state. In the recent case of State v. Divide County, ante, 708, 283 N. W. 184, decided at this term, we had before us the question of the extent of the lien of mortgage which the state acquired, and the rights of the state where the mortgage has not been foreclosed as opposed to the claim of a lien for taxes held by a county. It is quite probable that the law announced in these cases is applicable to the facts of the case at bar; but we are passing upon a demurrer to the complaint. The complaint does state a cause of action, and therefore the demurrer should have been overruled. The order sustaining the demurrer is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, SATHRE and MORRIS, JJ., concur.