# WILLIAM A. RIGGIN *vs.* ALBERT W. ROBINSON,
## Executor and Heir at Law of James Robinson, Deceased.

*Fraud: proof; resulting trusts.   Equity.*

A Court of Equity will at all times lend its aid to defeat a
fraudulent transaction; but the fraud, like any other fact,
must be established by proof.                                p. 85

Fraud is never to be presumed.                  -           p. 85

Where the proof does not measure up to the legal require-
ment, a deed, absolute on its face, will not be set aside by
a Court of Equity on the ground that the deed was clothed
with a resulting trust in favor of the grantor.            p. 85

*Decided January 9th, 1912.*

Appeal from the Circuit Court of Wicomico County, sit-
ting in equity, (Toadvin, J.).

The cause was submitted to Boyd, C. J., Briscoe,
Pearce, Burke, Thomas, Pattison, Urner and Stock-
bridge, JJ.

*Albert M. Jackson* submitted a brief for the appellant.

*Ellegood, Freeney & Wailes* submitted a brief for the
appellee.

Briscoe, J., delivered the opinion of the Court.

On the 10th day of March, in the year 1893, the appellant
by deed, conveyed to John R. Twilley of Wicomico County,
certain property situate in that county.   The deed is as fol-
lows: In consideration of the sum of one hundred and seven

dollars, I, the said Wm. A. Riggin, do grant unto John R. Twilley of county and State, a vacant lot of ground in the town of Sharptown, in Wicomico County, adjoining the school house, and which the said Riggin obtained from Jonathan Riggin by will. Also a tract of land about two miles from Sharptown, containing thirty acres, more or less (32), which Riggin obtained by the last will of Rhoda Robinson, recorded in the office of the Register of Wills for Wicomico County, to which reference is made, also a one-ninth interest in a water-mill called the Robinson Mill, in fee simple."

This deed was properly executed, to pass real estate and was on the 10th day of March, 1893, recorded among the land records of Wicomico county.

On the 13th day of April, in the year 1898, John R. Twilley, the grantee in the last named deed, by a duly executed conveyance, absolute on its face, in consideration of the sum of seventy dollars conveyed the identical property mentioned in the deed from Riggin to him, to one James Robinson, of Wicomico County, and this deed was on the 10th day of May, 1898, recorded among the land records of Wicomico county.

On the 15th of July, 1909, the appellant filed in the Circuit Court for Wicomico County a bill of complaint against James Robinson, now deceased, alleging that the property was conveyed by the grantor to Twilley as trustee for the purpose of making a sale of the same and the proceeds to be used in paying the grantors indebtedness and when that was done, the residue of the property was to be reconveyed to the grantor, that he demanded a reconveyance of all the residue of the property not sold, but that it was not reconveyed, but instead of doing so, it was conveyed to the appellee by deed dated the 13th day of March, 1898, intending thereby to defraud and to keep the plaintiff out of his lawful rights, control and ownership of the land, and that the plaintiff has repeatedly requested a reconveyance of the land to him from the appellee, but he has refused, and still refuses to convey it.

. The bill further avers, that John R. Twilley departed this life in the year 1900, that the plaintiff holds possession of the land, has continued to cultivate it and to pay State and county taxes thereon.

The prayer of the bill is: *First,* that the plaintiff may have said land conveyed back to him, free, clear, and discharged of all incumbrances, title, claim and interest of each and every party defendant hereto; *second,* that the parties may be decreed to convey the land to the plaintiff by a good and sufficient deed; *third,* that a proper person may be appointed to convey the land to the plaintiff by a good and sufficient deed, free, clear and discharged from all right, title, interest, claim and demand of the defendant or defendants herein named; and *fourth,* that the plaintiff may have such other and further relief as his case may require.

The defendant by his answer denies all of the allegations of fraud set out in the bill, or any intent of fraud on his part or on the part of Twilley, who has been dead for some years, as to the purchase, and states that he had no knowledge until after the conveyance to him, of any of the alleged terms or conditions upon which the property was conveyed to Twilley, from whom he obtained it by deed. He also denies that he purchased it for an inadequate consideration, and avers that the defendant on the 12th of April, 1898, consented for him to purchase the land, and that he in perfect good faith, and for a good and valuable consideration bought the property, took control of it and rented it to other parties. He admits he did as a matter of favor, on or about the time of the execution of the deed, consent orally that the plaintiff might repurchase the land any time within two years from the date of the deed, upon his paying to him what he paid for it, and on account of the same, with interest and a reasonable sum of money for trouble that he might have on account of the same.

He also avers that he stood ready and willing at any time within the two years to sell or reconvey the land to the complainant upon his complying with the parol understanding

regarding the same but that the complainant did not at any time within the two years pay or tender to him any part of the purchase money paid by him for and on account of the land; but on the contrary has since the execution of the deed written many abusive, insulting and scurrilous letters to and about him, as well as about Twilley in which he made numerous vile, malicious and slanderous charges against both of them.

The case was heard upon bill, answer and proof, and from a decree of the Circuit Court for Wicomico County dismissing the bill of complaint, this appeal has been taken.

The only question presented by the record in this case, is whether upon the proof, the plaintiff can obtain the relief asked by his bill.

There are no facts in the case, upon which a resulting trust to the grantor can be based. The consideration and purchase price was paid by the appellee to the grantor and no money whatever was paid by the plaintiff. In *Groff* v. *Rohrer,* 35 Md. 327, it is said, where upon a purchase of property, the conveyance of the legal estate is taken in the name of one person, whilst the consideration proceeds from another, the parties being strangers to each other, a resulting trust arises by virtue of the transaction and the grantee will be but a trustee for the party from whom the consideration proceeds. *Mutual Ins. Co.* v. *Deale,* 18 Md. 45; *Cooke* v. *Fountain,* 3 Swanst, 591.

Nor do we find any proof or facts upon which the Court could hold the deed here absolute in form to be either a mortgage, a deed of trust, or a conditional sale. *Hopper* v. *Smyser,* 90 Md. 366; *Dougherty* v. *McColgan,* 6 G. & J. 281; *Conway* v. *Alexander,* 7 Cranch, 218.

There is no evidence in the record that any undue or fraudulent influence was exercised over the grantor as to either of the deeds. On the contrary, the evidence shows that the appellee did not desire to purchase the property and it was only after the consent of the appellant, that he decided to buy it. He directed the appellee by letter of the 12th of

April, 1895, "to go ahead" with the purchase, provided he was given the space of two years from the date of the deed to redeem it. In his correspondence of June 25th, 1900, and of January 11th, 1904, the appellant recognized the right of the appellee to the property, and offered to purchase it from him, and the appellee was willing to comply with his oral agreement, to permit him to redeem upon payment of the purchase price, but there was no compliance by him.

We entirely concur, in the opinion of the learned judge, who decided the case below, that "there was no pressure or force exercised to induce the appellant to consent to a sale, but the whole transaction was a fair, equitable business transaction where all parties interested or concerned agreed to and accepted the transaction as their free and voluntary act. Throughout the whole transaction the appellee displayed a liberal and forebearing disposition and desire to aid and assist the plaintiff by permitting him to reside on the defendant's land adjoining, and extending the time to redeem. We can see nothing in the whole transaction tainted by fraud, either on the part of Twilley or Robinson."

While a Court of equity will at all times lend its aid to defeat a fraudulent transaction, fraud like any other fact must be established by satisfactory proof and it will not be presumed. The proof in this case does not measure up to the legal requirements, in cases of this character and being legally insufficient to support the allegations of the bill the Court below committed no error, in dismissing the plaintiff's bill.

*Decree affirmed, with costs.*