RICHARD ·E. TYNER AND R. C. WINDOM vs. ETTA
JOHNSON, USE OF JOHN W. GLENNAN.

*Deeds*: *bona fides; presumption. Consideration*: *fraudulent in-
tent of grantor; grantee's rights; burden of proof.*

The law presumes that a deed is *bona fide* until the contrary
is shown; and a deed is *prima facie* evidence of what the
consideration was under which it was executed.           p. 632

The fraudulent purpose of a grantor does not vitiate or affect
the sale unless the vendee had knowledge of, or participated
in, the fraudulent intent.                               p. 632

The burden of proof is upon a complainant to show that a deed
was made without consideration, or that it was made with
fraudulent intent, and that the intent was known to the
grantee.                                                 p. 632

*Decided February 12th, 1913.*

Appeal from the Circuit Court for Montgomery County
(PETER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Alexander Kilgour,* for the appellants.

No appearance for the appellee.

Briscoe, J., delivered the opinion of the Court.

We cannot agree with the learned judge who decided this case, in the Court below, in holding, upon the record now before us, that the deed here in question, should be vacated and annulled, upon the ground of fraud.

The grantor and grantee in the deed, are the defendants, and the plaintiff is a judgment creditor of the grantor, one of the defendants.

On the 5th day of June, 1908, the defendant Tyner and wife conveyed by deed to the defendant, Windom, lots Nos. 16, 17 and 18, in Block No. 1, in North Kensington, Montgomery county, Md., together with the buildings and improvements thereon. The consideration of the deed is stated to be the sum of one hundred dollars. This deed was properly executed and was recorded on the 18th day of September, 1908, among the Land Records of Montgomery County.

On the 3rd day of June, 1910, the appellee filed in the Circuit Court for Montgomery County a bill of complaint against the appellants alleging in substance that the deed was fraudulent, as against the plaintiff creditor and that the consideration was false and pretended.

The bill charges that the defendant Tyner, is a judgment debtor of the plaintiff to the extent of seven hundred and thirty-five dollars and fifty-six cents and costs on a judgment obtained by her against him, on the 2nd day of May, 1910, in the Circuit Court of Montgomery County, and that the judgment was on the        day of May, 1910, duly assigned to one John W. Glennan, of Washington, D. C.

The bill, then, avers, that the transfer and conveyance of the property in question, was fraudulent, made without a valuable consideration and was made for the purpose of defrauding the plaintiff, and preventing the collection of the judgment debt due her; that the defendant Windom, holds title to the property thereby conveyed for the use and benefit of Tyner, under a secret trust; that the deed of the property is in fact a deed in trust and that the defendant,

Tyner, is the beneficiary thereunder having conspired with Windom for the purpose of defrauding her, and evading the payment of the judgment debt and his creditors, and that all of the facts connected with the transfer and conveyance of the property are peculiarly within the knowledge of the defendants.

The bill further avers and charges that the defendant Tyner and wife, occupy and live on the property in question, at the present time as their home and which has been their home for a number of years, and that the property, is subject to a deed of trust, dated the 5th day of November, 1902, to secure a debt of seven hundred and fifty dollars due by Tyner and wife to one Elmer A. Forbes.

The prayer of the bill is that the defendants be required by answer, to disclose and discover whether the deed and transfer was a *bona fide* sale, for a valuable consideration, what said consideration was, what the respective interests of the defendants are in the property and the ownership between them; secondly, that the deed be decreed to be a deed of trust for the use and benefit of the defendant Tyner, and that an injunction be issued restraining the defendants from selling or disposing of the property in any way pending the determination of the case; thirdly, that a receiver be appointed to take charge of all of the property pending the litigation; fourthly, that the property be decreed to be sold and the proceeds be applied to the payment of the plaintiff's debt, and, fifthly, a prayer for general relief.

The defendants fully answered the bill, and denied the averments of fraud and the want of consideration in the deed, as alleged by the bill and denied any intent on the part of either the grantor or grantee, to defraud the plaintiff. The answers fully disclose the facts of the entire transaction between the grantor and grantee, and all of the circumstances attending the sale and purchase of the property.

By the answer of the defendant Tyner, it is stated, that he purchased the property from Elmer A. Forbes in October, 1902, for the sum of $1,800, subject to a purchase

money mortgage of one thousand dollars due thereon to the predecessor in title of Forbes. That he paid the sum of fifty dollars in cash, assumed the payment of the mortgage of $1,000, and executed a second mortgage to Forbes for $750. He sold the property to the defendant Windom for the sum of six hundred dollars, subject to the two mortgages and received the sum of two hundred dollars in cash and the payment of an antecedent debt of four hundred dollars due by him to the purchaser Windom. He denies all intent and purpose to defraud the plaintiff and avers that the sale was made in good faith, and for a valuable consideration. He denies that the property is held by or on any trust, secret or otherwise, for his use, and that he subsequently took possession of it, after the sale, as tenant under an agreement to rent the property, that he did not reside upon the property, at the time of the sale, and had only resided there previously for a period of four months during the winter of 1904-1905, while making certain repairs thereon. He further avers that he had good and just reasons for disposing of his equity in the premises, but his principal object in making the sale of the property here involved was not to hinder or delay the complainant in the collection of her alleged debt, but was to raise money to enable him to bid at a sale of the farm property on which he then resided and which was then shortly to be sold under a decree of the Court therein pending between other parties. He denies the indebtedness claimed by the plaintiff and alleges that the judgment was obtained against him, under circumstances, that make it an inequitable claim and should not commend itself to a Court of Equity. He also avers, that the sum paid for the property was fully as much as it was worth, as the house was out of repair and the lots located in an isolated portion of Kensington; that the property in question was the only place for rent available to him at the time, and that he pays the rent by making repairs to the property.

The defendant, Windom, in his answer to the eighth paragraph of the bill, emphatically denies that the property is

held by him under a secret trust for the defendant Tyner or any other person. On the contrary he avers that he purchased the equity of the defendant Tyner in the property for the sum of $600, paying him part cash and giving him a release of an indebtedness amounting to $400, and took the property subject to a first trust or mortgage in favor of one W. H. H. Allen for $1,000, and subject to a second trust in favor of one Elmer A. Forbes for $750. The property was not occupied by the defendant Tyner at the time of his conveyance thereof to the defendant. It was rented by him about two months after the conveyance; the farm property near Wheaton, Maryland, which Tyner then occupied having been sold under decree of Court in a suit between other parties; that he had no reason to believe or to suspect, and does not now believe or suspect that the sale and conveyance of the defendant Tyner's equity in the property to him, was made for the purpose of hindering, delaying or defrauding the plaintiff, or any other creditor in the collection of his or her debt. If any such purpose or intent existed on the part of the defendant Tyner, he had no notice, actual or constructive, thereof and he is advised that for want of notice of such intent or purpose,—if any there was, the property can not be subjected, in his hands, to the satisfaction of the claim of the plaintiff or of other creditors of the defendant Tyner.

There were five witnesses examined upon the part of the plaintiff and five also upon the part of the defendant, in support of their various contentions. We have examined the testimony with much care, and do not deem it necessary to set it out, or discuss it in detail, because we are satisfied that the proof is insufficient to support the allegations of the plaintiff's bill, or to measure up to the legal requirements, in cases of this kind.

There is absolutely no evidence of a secret trust in favor of the grantor or of any other kind of trust, and nothing clandestine in the transaction, between the parties to the deed. The indicia or badges of fraud relied upon to defeat

the conveyance are satisfactorily explained by the undisputed testimony of both the grantor and grantee.

The burden of proof is upon the plaintiff to show that the deed in question was made without consideration or if made upon a good consideration, that it was executed by the grantor with a fraudulent intent and that this intent was known to the grantee. The law presumes it to be *bona fide* until the contrary is shown and the deed itself is *prima facie* evidence of what the consideration was upon which it was executed. The fraudulent purpose alone of the grantor would not vitiate or affect a sale, unless the vendee had knowledge of and participated in the fraudulent intent. *Cooke* v. *Cooke,* 43 Md. 533; *Fuller* v. *Brewster,* 53 Md. 359; *Totten* v. *Brady,* 54 Md. 170; *Thompson* v. *Williams,* 100 Md. 199.

In the recent case of *Riggin* v. *Robinson,* 117 Md. 85, it is distinctly said, while a Court of Equity will at all times lend its aid to defeat a fraudulent transaction, fraud like any other fact must be established by satisfactory proof and it will not be presumed.

There are some suspicious acts and circumstances connected with and surrounding the transfer, which if unexplained might indicate bad faith upon the part of the grantor in the deed, but in view of the explanations set out in his testimony and upon the whole evidence we are unable to hold, that they are sufficient *indicia* of fraud or *mala fides* to strike down or defeat the conveyance in this case.

There is no evidence to impeach the good faith of the grantee in the entire transaction, or to show that he had knowledge of and participated in the fraudulent purpose or intent of the grantor to hinder or delay his creditors in the collection of their just claims, even if it had been shown, that such fraudulent purpose existed on the part of the grantor.

The undisputed evidence shows, that the grantee, Windom, had no notice or knowledge whatever of the existence of the plaintiff's claim prior to the purchase of the property by him. The proof also shows that the deed was made upon a sufficient

and valid consideration and that the grantee has expended large amounts of money in the way of repairs and improvements on the property since its purchase.

The facts and circumstances surrounding the transfer of the property, do not in our opinion, lead to the inference that the transaction was fraudulent, or made with the intent to delay and defeat the plaintiff or the creditors of Tyner in the collection of their debts.

We think, after a careful examination of the whole record that the plaintiff has failed to establish the material allegations of the bill, and to show that the deed was made and accepted with a design and purpose to hinder, delay and defraud her and to prevent her from collecting the debt, alleged to be due on the judgment.

The uncontradicted testimony of the grantor and grantee, supported by the evidence of the other witnesses in the case, negatives any fraud on the part of the appellants, in the transfer of the property, and sufficiently establishes the good faith of the parties, to sustain the deed, as a valid and *bona fide* conveyance of real estate.

For the reasons stated, the decree of the Circuit Court of Montgomery County will be reversed and the plaintiff's bill will be dismissed.

*Decree reversed, bill dismissed with costs to the appellants.*