# WASON BARTON

*vs.*

## J. TALIAFERRO BRIDGES AND SARAH I. BRIDGES, His Wife.

### *Fraud: relief in equity; proof.*

While a court of equity will at all times lend its aid to defeat fraudulent transactions, a fraud, like any other fact, must be established by satisfactory proof, and is not to be presumed.

p. 678

The evidence of fraud, in the obtention of a signature to an order directing the clerk of the court to enter the judgment satisfied, was held, not to measure up to the legal requirements, in cases of that character, and to be too uncertain and insufficient to support the appellant's contention. p. 678

*Decided November 10th, 1915.*

Appeal from the Circuit Court for Washington County. In Equity. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE. JJ.

*Albert J. Long* (with whom was *John T. Mason* on the brief), for the appellant.

*Frank G. Wagaman* (with *Wagaman & Wagaman* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

On the 28th of October, 1912, the appellees executed a deed of trust for the benefit of creditors of F. Wilbur Bridges and J. Augustine Mason, of Washington County, to sell and dispose of the grantor's property and to apply the money and proceeds to the payment of the debts, claims and demands whatsoever for which the grantor, J. Taliaferro

Bridges, should be liable, according to their priority and standing in law.

The appellant is a holder of a judgment against the appellee for $941.22, with interest from March 12th, 1911, with certain credits thereon, as will appear from the record thereof, obtained at the February Term, 1911, of the Circuit Court for Washington County, and which was filed with the Auditor of the Circuit Court for that county, as a judgment claim and lien, to be paid from the proceeds of the sale of the property, sold by the trustees.

This judgment was disallowed by the Auditor, in the distribution of the proceeds of sale of the appellees' property, and this appeal is from certain orders passed by the Circuit Court for Washington County, overruling the appellant's exceptions to Auditor's Accounts No. 1 and No. 2, and the order of Court, dated the 8th day of February, 1915, finally ratifying and confirming Auditor's Account No. 2, directing the trustee to pay out the funds, in accordance with the distribution made therein, and disallowing the appellant's judgment claim.

The single question in the case is whether the Court below was right in its determinaiton, that the appellant was not entitled to distribution from the proceeds of sale on the alleged judgment claim, held by him against the appellee, under the facts of the case.

The appellee contends and the proof shows that sometime prior to the audit, on the 25th of January, 1913, the appellant signed and delivered to the appellee an order, directing the judgment here in question to be released and satisfied. The order is as follows:

*Wason Barton*
*vs.*
*J. Taliaferro Bridges.*

"Mr. Oswald, Clerk—

"Will please enter the judgment in the above entitled cause satisfied.

"Test: C. E. Carter.      (Signed) Wason Barton.

"January 25th, 1913."

Mr. Oswald, the Clerk of the Court, testified that this order was left with him to be filed, and the paper had been in his possession since that date, but was not filed, because the costs were not paid.

It is conceded that this order was signed by the appellant, but it is contended that his signature thereto was procured by fraud and misrepresentation, and the judgment is a valid and prior lien and should be paid out of the proceeds of sale of the appellees' property in the hands of the trustees for distribution among his creditors.

Upon the part of the appellees it is denied that any fraud was committed or practiced upon the appellant in obtaining his signature to the order, and it is earnestly insisted upon their part, that the signing of the order was in accordance with a settlement, previously had between the parties "in November, 1911," and that it was so understood by the appellant when he signed it as a release and satisfaction of the judgment in question.

It is clear that as the execution and signing of the order to the Clerk by the appellant, is admitted and conceded, the burden of proof rests upon him to establish the claim of fraud, set up and urged to avoid the legal effect of the release and satisfaction of the judgment here in question.

It is well settled that while a Court of Equity will at all times lend its aid to defeat a fraudulent transaction, fraud like any other fact must be established by satisfactory proof, and it will not be presumed. *Ranstead* v. *Allen,* 85 Md. 482; *Willson* v. *Williams,* 106 Md. 663; *Paper Bag Co.* v. *Carr,* 116 Md. 550; *Riggin* v. *Robinson,* 117 Md. 84.

The proof of fraud, in the obtention of the appellant's signature to the order directing the Clerk of the Court to enter the judgment satisfied, does not measure up to the legal requirements in cases of this character, and is too uncertain and insufficient to support the appellant's contention in this respect.

In *Atlantic Delaine Co.* v. *James,* 94 U. S. 207, the Supreme Court, in speaking of the jurisdiction of a Court of Equity to set aside instruments because of fraud, and the character of testimony required, said the power ought not to be exercised except in a clear case, and, never for alleged fraud, unless the fraud is made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured thereby.

In this case the fraud alleged is distinctly denied by the appellees, and the evidence of the appellant himself is both uncertain and unsatisfactory. He repeatedly stated to others after the alleged settlement of November, 1911, that the appellee was not indebted to him.

The witness Funkhouser testified as follows:

"Q. Do you know Mr. Wason Barton? A. Yes, sir. Q. Did you ever have any conversation with him as to whether or not Mr. J. T. Bridges was indebted to him? A. Not directly; no, sir. Indirectly I did; yes, sir. He came into my office. Q. If so, when and where did it take place? A. It took place in my office about two or three months ago. Q. In your office, where? A. At Hancock, Maryland. Q. State what that conversation was? A. There were several parties in my office at the time complaining about Mr. Bridges not paying their accounts. I asked Mr. Barton whether or not Mr. Bridges owed him, and Mr. Barton stood up and said that he had no fault to find with Mr. Bridges whatever, because he had paid him every cent that he owed him. I repeated the question, and asked him whether or not Mr. Bridges owed him, and he said no. He said he had had some trouble with him, but Mr. Bridges had paid him every cent that he owed him and he would go back with him any time if he wanted him."

The witness Corbett testified as follows:

"Q. Do you know Mr. Wason Barton? A. Yes, sir. Q. Did you have any conversation with him as to whether or not

Mr. J. T. Bridges was indebted to him? A. Yes, sir. Q. Where was it? A. There in Hancock last Saturday evening five weeks ago, at E. B. Cornellias' store. Q. State what he said? A. Well, he had been working some for Mr. Bridges and he got off to do some work at home. I said are you going to work any more for Mr. Bridges, and he said, yes, I want to build a stable and I want to get the lumber from him to build it, and I want to work for him until I get the money to pay for it, as Mr. Bridges owed him nothing."

The witness Chestnut testied as follows:

"Q. Were you up in Hancock this morning? A. Yes, sir. Q. Did you see Mr. Wason Barton and Mr. J. T. Bridges there this morning and hear a conversation between them? A. Yes, sir. Q. What did you hear? A. Mr. Wason Barton told Mr. Bridges that he did not owe him anything. Q. Where did that take place? A. At Turner's Hotel. Q. To whom was he speaking? A. Mr. Barton and Mr. Bridges were standing there talking. Q. Just tell what Mr. Wason Barton said? A. He said, 'Tol., you do not owe me anything.' That is all he said."

We do not deem it necessary to set out in detail or to further comment upon the testimony disclosed by the record, because we entirely concur in the conclusion reached by the Court below, that the proof is insufficient to support the claim of fraud set up by the appellant and sought to be established in the case.

As the sole question in the case relates to the sufficiency of the evidence to sustain the charge of fraud in the obtention of the order to release the judgment in question, and as we are of opinion it does not sustain this charge, the order appealed from must be affirmed.

We find nothing in the other rulings of the Court that would justify a reversal. For the reasons given the order of Court ratifying and confirming the Auditor's Report and Account No. 2 will be affirmed.

*Orders affirmed, with costs.*