INTERNATIONAL HARVESTER COMPANY OF AMERICA, a Corporation, v. GEORGE HECKER, Francisca Hecker, and Lieber Hecker.

(161 N. W. 1007.)

**Conveyance transfer — by husband and wife — to son — all their property — creditors — to hinder and delay — device — fraudulent — of no avail.**

Where a well-to-do farmer joins with his wife in conveying all their real and personal property to their son as a device to hinder and delay creditors, the device is of no avail.

Opinion filed March 1, 1917.

Note.—The fact that a vendor and purchaser are relatives raises no presumption of fraud in a transaction. Such relationship or intimacy, in connection with other facts and circumstances, is often deemed sufficient to show fraud and invalidate the transaction. Cases showing the application of this rule will be found in 32 L.R.A. 67, on transactions between husband and wife and other relatives as fraud on creditors.

On presumption of fraud from relationship of parties, see notes in 7 Am. St. Rep. 83, and 38 Am. St. Rep. 519.

Appeal from the District Court of Dunn County; Honorable *W. C. Crawford*, J.

Affirmed.

*H. C. Berry* and *F. C. Heffron,* for appellants.

The conveyance here was not a voluntary one as is known in law, but the existence of a debt the assumption of the payment of which was the moving consideration for the grant. There can be no fraud or intention to hinder or delay creditors, in such a case. Dallam v. Renshaw, 26 Mo. 533; Rumbolds v. Parr, 51 Mo. 592; Shaffer Bros. v. Rhynders, 116 Iowa, 472, 89 N. W. 1099; Eickstaedt v. Moses, 105 Ill. App. 634; Stauffer v. Kennedy, 47 W. Va. 714, 35 S. E. 892.

The burden of proof to show no consideration is upon plaintiff. Andrews v. Flanagan, 94 Ind. 383; American Varnish Co. v. Reed, 154 Ind. 88, 55 N. E. 224.

Fraud on the part of the grantor will not be presumed. It must be proved. Hatch v. Bayley, 12 Cush. 27; Derby v. Gallup, 5 Minn. 119, Gil. 85; McMillan v. Edfast, 50 Minn. 414, 52 N. W. 907; Edwards v. Story, 105 Ill. App. 433; Bear v. Bear, 145 Ill. 21, 33 N. E. 878; American Varnish Co. v. Reed, 154 Ind. 88, 55 N. E. 224; Eberke v. Hecht, 96 Iowa, 96, 64 N. W. 652; Shaffer Bros. v. Rhynders, 116 Iowa, 472, 89 N. W. 1099; Mehlhop v. Pettibone, 54 Wis. 652, 11 N. W. 553, 12 N. W. 443; James v. Van Duyn, 45 Wis. 512; Wannemacher v. Merrill, 22 N. D. 46, 132 N. W. 412.

The rule is that conveyance from one relative to another will not be presumed to be fraudulent as to creditors because of the relationship alone, but a state of facts must be proved from which fraud must be inferred. Conry v. Benedict, 108 Iowa, 664, 75 Am. St. Rep. 282, 76 N. W. 840.

Where a debtor conveys his property for a consideration, in order to set the transfer aside as in fraud of creditors, it must appear that the grantee had knowledge of the debtor's fraudulent intent. Shumaker v. Davidson, 116 Iowa, 569, 87 N. W. 441; Thompson v. Zuckmayer, — Iowa, —, 94 N. W. 476; Gilbert v. Gonyea, 103 Minn. 459, 115 N. W. 640; Gage Bros. & Co. v. Burns, 78 Neb. 737, 111 N. W. 791.

The attacking creditor must show that at the time of the conveyance and at the time of bringing the action, the debtor did not have sufficient property subject to execution from which other debts could be paid.

Nevers v. Hack, 138 Ind. 260, 46 Am. St. Rep. 380, 37 N. E. 791; Evans v. Hamilton, 56 Ind. 34; Bishop v. State, 83 Ind. 67; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105.

When a conveyance prima facie vests title in the grantee, the creditor who attacks it as fraudulent should not leave the court or jury to act upon mere conjecture, or upon proofs which are indeterminate in character, but such proof must be clear and convincing. Urdangen & G. Bros. v. Donor, 122 Iowa, 533, 98 N. W. 317; Miller v. Beadle, 65 Mich. 643, 36 N. W. 165; Fifield v. Gaston, 12 Iowa, 218; Palmer v. Palmer, 62 Iowa, 204, 17 N. W. 463; Rice v. Jerenson, 54 Wis. 248, 11 N. W. 549; Edwards v. Story, 105 Ill. App. 433; Blanchard v. Moors, 85 Mich. 380, 48 N. W. 542.

The acts of the parties, and the facts and circumstances surrounding the transaction, must clearly be opposed to fair and honest dealing. Hooks v. Pafford, 34 Tex. Civ. App. 516, 78 S. W. 991; Smith v. Collins, 94 Ala. 394, 10 So. 334; Kellar v. Taylor, 90 Ala. 289, 7 So. 907; Knower v. Cadden Clothing Co. 57 Conn. 202, 17 Atl. 580.

Where a debtor transfers his property to one of his creditors in payment of debts, but with the secret intention of defrauding his other creditors, such transfer will be sustained, unless it is made to clearly appear that the grantee had knowledge of such intention. H. B. Claflin Co. v. Rodenberg, 101 Ala. 213, 13 So. 272; Warren v. Jones, 68 Ala. 449; Christian v. Greenwood, 23 Ark. 258, 79 Am. Dec. 104; Smith v. Jensen, 13 Colo. 213, 22 Pac. 434; Schroeder v. Walsh, 120 Ill. 403, 11 N. E. 70; Hanchett v. Kimbark, 118 Ill. 121, 7 N. E. 491; Burtis v. Humboldt County Bank, 77 Iowa, 103, 41 N. W. 585; Schram v. Taylor, 51 Kan. 547, 33 Pac. 315; Beurmann v. Van Buren, 44 Mich. 496, 7 N. W. 62; Knox v. Hunt, 18 Mo. 174; Peters-Miller Shoe Co. v. Casebeer, 53 Mo. App. 640; Frank v. Curtis, 58 Mo. App. 349; Rothell v. Grimes, 22 Neb. 526, 35 N. W. 392; Bank of Commerce v. Schlotfeldt, 40 Neb. 212, 58 N. W. 727; Anderson v. Pilgram, 41 S. C. 423, 19 S. E. 1002, 20 S. E. 64; Haas v. Kraus, 86 Tex. 687, 27 S. W. 256.

If the circumstances point equally to honesty of purpose and fraudulent design, the former construction must be given to them. Bowden v. Bowden, 75 Ill. 143; Mey v. Gulliman, 105 Ill. 272; Burleigh v. White,

36 N. D.—7.

64 Me. 23; Norton v. Kearney, 10 Wis. 443; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529.

In order to prove a charge. of fraud and conspiracy, the proof must be beyond a reasonable doubt. Fraud is not a thing lightly to be charged. The stigma which it carries is not one to be placed upon parties unless the evidence thereof measures up to the requirement of the rule that it must be clear and convincing of the truth of fraud. Locke v. Keiler, 90 Miss. 3, 43 So. 673; Gould v. Gould, 3 Story, 516, Fed. Cas. No. 5,637; Watkins v. Wallace, 19 Mich. 57; Muirheid v. Smith, 35 N. J. Eq. 303; McCarthy v. Scanlon, 176 Pa. 262, 35 Atl. 189; Jaeger v. Kelley, 52 N. Y. 274; Gage Bros. & Co. v. Burns, 78 Neb. 737, 111 N. W. 791; Jacobs v. Sickle, 61 C. C. A. 598, 127 Fed. 62; Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. 178; Garrow v. Davis, Fed. Cas. No. 5,257; Toney v. McGehee, 38 Ark. 419; Turner v. Hand, 3 Wall. Jr. 88, Fed. Cas. No. 14,257; Diel v. Missouri P. R. Co. 37 Mo. App. 454; Whitney v. Robbins, 17 N. J. Eq. 360.

The proof must be such that some circumstances from which the existence of the actionable facts may be inferred. Meagley v. Holt, 125 N. Y. 771, 26 N. E. 719; Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. .178; Arbuckle v. Templeton, 65 Vt. 205, 25 Atl. 1095; Somers v. McCready, 96 Md. 437, 53 Atl. 1117; Ellis v. Sanford, 106 Iowa, 743, 75 N. W. 660.

*Miller, Zuger, & Tillotson,* for respondent.

This is a suit in equity to set aside a deed and transfer of certain personal property, which plaintiff claims was made from father and mother, to son, in fraud of the former's creditors.

The action was tried to the court without a jury, under the so-called Newman Law, and appellants are not entitled to a trial *de novo* nor to a review of any particular fact or finding, because the statement of the case does not embody a demand therefor. Rev. Code 1905, § 7227, Comp. Laws 1913, § 7844; Codes 1895 and 1899, § 5630, Comp. Laws 1913, § 7846; Douglas v. Glazier, 9 N. D. 615, 84 N. W. 552; State ex rel. McClory v. McGruer, 9 N. D. 566, 84 N. W. 363; Farmers' & M. Nat. Bank v. Davis, 8 N. D. 83, 76 N. W. 998; Hayes v. Taylor, 9 N. D. 92, 81 N. W. 49; Security Improv. Co. v. Cass County, 9 N. D. 553, 84 N. W. 477; Ricks v. Bergsvendsen, 8 N. D. 578, 80 N. W. 768; Teinen v. Lally, 10 N. D. 153, 86 N. W. 356.

Plaintiff did not need to further show that the property transferred was the property of the debtor, the grantor, then by the deed and trust agreement, and appellants are estopped to claim or assert such as a defense by the deed and trust agreement. These are conclusive upon the point. The return of the execution *nulla bona* in the county of debtor's residence is the best evidence that he had no property out of which to satisfy the claim and judgment. Fechheimer v. Hollander, 6 Mackey, 512, 1 L.R.A. 369; Parsons v. Cathers, 92 Neb. 525, 138 N. W. 747; Weaver v. Cressman, 21 Neb. 675, 33 N. W. 478; First Nat. Bank v. Gibson, 60 Neb. 767, 84 N. W. 259; 5 Enc. Pl. & Pr. 521.

It has been held that a conveyance of all one's property to another to secure the future support of himself and family is fraudulent and voidable as to the creditors of the grantor, although valid as between the parties. Annis v. Bonar, 86 Ill. 128; Harting v. Jockers, 31 Ill. App. 67; Rollins v. Mooers, 25 Me. 192; Graves v. Blondell, 70 Me. 190; Crane v. Stickles, 15 Vt. 252; Jones v. Spear, 21 Vt. 426; Church v. Chapin, 35 Vt. 223; Davidson v. Burke, 143 Ill. 139, 36 Am. St. Rep. 367, 32 N. E. 514; Webster v. Withey, 25 Me. 326.

A conveyance in consideration of an agreement to furnish to the grantor and wife good and sufficient food and clothing for life is void as to creditors. Walker v. Cady, 106 Mich. 21, 63 N. W. 1005; Todd v. Monell, 19 Hun. 362; Faber v. Matz, 86 Wis. 370, 57 N. W. 39; Crane v. Stickles, 15 Vt. 252; Jones v. Spear, 21 Vt. 426; Worthington & Co. v. Jones, 23 Vt. 549; Church v. Chapin, 35 Vt. 223; Kelsey v. Kelley, 63 Vt. 41, 13 L.R.A. 640, 22 Atl. 597; Ionia County Sav. Bank v. McLean, 84 Mich. 629, 48 N. W. 159.

"The law imputes fraud to such transactions. A man involved in debt has no right to give away all his property at the expense of his creditors. He must be just before he is generous." 14 Am. & Eng. Enc. Law, 245, 246; Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271.

The retention of possession is merely prima facie evidence of fraud. It raises the presumption of fraud, which in the absence of a clear and satisfactory explanation, becomes conclusive. 14 Am. & Eng. Enc. Law, 357, 361.

ROBINSON, J. The plaintiff brings this suit as a judgment creditor

to subject certain lands and property to sale on its judgment for $693.51 against George Hecker. In August, 1913, the judgment was obtained for an old debt, and an execution was issued and returned unsatisfied. In June, 1913, George Hecker and Francisca, his wife, made to their son, Lieber, a deed purporting to convey to him over a section of land, described in the complaint, worth about $10,000, and a lot of personal property, the consideration being that he would care for them during their life. The court gave judgment for the plaintiff. The parents and the son appeal.

They insist that the transaction was in good faith, and that it was not made to hinder, delay, or defraud creditors, and that the proof fails to show that George Hecker had any title to the land. The proof clearly shows that, after the transfer, George Hecker and wife continued to live on the land and to farm it in the same manner as before the transfer, which was only a shallow device to hinder and delay creditors.

Though it appears that George Hecker was the owner of said property, yet, to guard against any possible injury to Mrs. Hecker, this court directs the following sentence to be added to the judgment herein, viz.: *This judgment is without prejudice to any title Francisca Hecker may have had in any of said lands or property.*

The judgment of the District Court is affirmed.