A creditor as defined by the laws of this state includes the holder *Page 712 
of every possible claim that may be discharged by the payment of money and that may be made the basis of a judgment for money. Griffin v. Allis-Chalmers Mfg. Co. 65 N.D. 379, 259 N.W. 89; Soly v. Aasen, 10 N.D. 108, 86 N.W. 108.
It is not the consideration but the intent that determines whether the transfer is valid as to creditors. Sheridan v. McCormick, 39 N.D. 641, 168 N.W. 59, 8 A.L.R. 523.
Even an adequate consideration will not sustain a transfer made with intent to defraud, nevertheless, the lack of such consideration is in itself a fact to be considered in ascertaining the nature of the intent. Salemonson v. Thompson,13 N.D. 182, 101 N.W. 320; Holden v. Walker, 63 N.D. 372,248 N.W. 318; Johnson v. Rutherford, 28 N.D. 87, 147 N.W. 390; Bank v. Mensing, 46 N.D. 184, 180 N.W. 58; Dalrymple v. Trust Co. 9 N.D. 306, 83 N.W. 245; Rasmussen v. Chambers, 52 N.D. 648,204 N.W. 178; Bank v. Armstrong, 54 N.D. 35, 208 N.W. 847; Harvester Co. v. Hecker, 36 N.D. 91, 161 N.W. 1007.
The fact that the transactions were separated by intervals of time does not necessarily make them isolated and distinct. Gwillim v. Asher (Colo.) 204 P. 609; Graham Grocery Co. v. Chase,75 W. Va. 775, 84 S.E. 785.
A clear and unmistakable intention on the part of the donor to make a gift of his property is an essential requisite of a gift inter vivos. 28 C.J. 627.
In a suit to set aside an alleged fraudulent conveyance, the burden of proof is upon the plaintiff and the alleged fraud must be proved by clear and convincing evidence. Strampher v. Hupe,60 N.D. 692, 236 N.W. 247; McKillip v. Farmers Bank, 29 N.D. 541,151 N.W. 287, Ann. Cas. 1917C, 993; Bernauer v. McCaull-Webster Elevator Co. 41 N.D. 561, 171 N.W. 282; Union Nat. Bank v. Person, 48 N.D. 478, 185 N.W. 266; Finch, Van Slyke McConville v. Styer, 51 N.D. 148, 199 N.W. 444.
A conveyance, valid in its inception, does not become invalid by reason of the fact that the debtor subsequently becomes insolvent. 27 C.J. 466; Strampher v. Hupe, 60 N.D. 692,236 N.W. 247.
Where the creditor seeks to set aside a transfer of property on the *Page 713 
ground that the transfer is fraudulent, it must appear, not only that the debtor fraudulently transferred the same, but, as well, it must appear the transferee co-operated and acted with the debtor to consummate the fraud. Bank of Sanborn v. France,49 N.D. 1, 177 N.W. 375.
In a fraudulent conveyance case the burden of showing want of consideration rests upon him who seeks to invalidate the instrument. Franck v. Moran (Cal.) 171 P. 841; Waterbury Lumber Co. v. Hinckley, 75 Conn. 187; Re Brigham, 144 Iowa, 71,120 N.W. 1054; Tyner v. Johnson, 119 Md. 627, 87 A. 266; Kipp v. Lamoreaux, 81 Mich. 299, 45 N.W. 1002; Columbus Watch Co. v. Hodenpyl, 135 N.Y. 430, 32 N.E. 239.
Prior lien creditors cannot complain of a subsequent fraudulent conveyance or encumbrance of the property since their rights cannot be affected thereby. 27 C.J. 474.
The delivery of a deed by the grantor to a third person to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery, where there is no reservation on the part of the latter of any control over the instrument. 18 C.J. 208.
Where a grantee is in possession of a deed which has been duly executed, the presumption arises that it has been duly delivered, and the burden of proof rests upon the party disputing the presumption. 18 C.J. 418.
If the grantor parts with all control over the deed at the time of its delivery to the third person, the delivery is good, and the title passes to the grantee, although the delivery to him is not to take place until after the grantor's death. Arnegaard v. Arnegaard, 7 N.D. 475, 75 N.W. 797; Souverbye v. Arden, 1 Johns. Ch. 240; Wallace v. Berdell, 97 N.Y. 13; 2 Jones, Real Prop. § 1277; Hunt v. Holmes, 64 N.D. 389, 252 N.W. 376; Hulet v. Northern P.R. Co. 14 N.D. 209, 103 N.W. 628; Dalrymple v. Security L. T. Co. 9 N.D. 306, 83 N.W. 245.
Carl Heuer, deceased, was the husband of the defendant Ottilia Heuer, and Adolph Heuer and Walter Heuer are their children. Carl Heuer and his wife deeded a half section of land to Adolph Heuer and a half section of land, including the homestead, to Walter *Page 714 
Heuer; and Carl Heuer deeded three and one-half quarters of land to his wife, two quarters being mortgaged at that time, — all deeds being dated May 10, 1926, and recorded some six months after the death of the grantor.
Carl Heuer died May 9, 1930. On March 14, 1934, on the application of one Henry Heuer, a brother of Carl Heuer, the plaintiff was appointed administrator of the estate of Carl Heuer.
There is no question but what Henry Heuer is a creditor of the estate, with a valid claim exceeding $10,000.00; and unless the land involved be subjected to this claim there is no estate from which he may realize on his claim. The county court authorized the bringing of this action for the benefit of the creditor, and the administrator seeks to set aside the deeds, alleging, in Paragraph 10 of the complaint: "That said deeds and conveyances were fraudulently executed by the said Carl Heuer, and fraudulently accepted by the said grantees without consideration, and for the purpose of avoiding administration of his estate, and with the fraudulent intent to hinder, delay and defraud his creditors in the collection of their debts, and with the knowledge on the part of the parties thereto of the existence of the indebtedness of the said Carl Heuer to the said Henry Heuer. That the said transfers were mere gifts in view of death."
After the death of the father some of the lands involved were deeded to other of the defendants.
The trial court found that these three original deeds "were good and valid transfers made in good faith and without the intent to defraud creditors or hinder or delay creditors in the collection of their debts; said transfers and conveyances were not fraudulently made and that the said Carl Heuer by the making, execution and delivery of said conveyance, did not thereby render himself insolvent; that there was a valid delivery of said deeds on or about May 10th, 1926, and title to said conveyed property passed on or about said date; that at said time the said creditor Henry Heuer had security for his said indebtedness in an amount equal to or greater than the amount of his said indebtedness and that the said Carl Heuer retained assets of substantial value, both real and personal."
Judgment was entered in conformity with the findings and the plaintiff appeals, demanding a trial de novo. *Page 715 
It is now claimed by the plaintiff there was no delivery of these deeds, and it is asserted the grantor attempted to make gifts and that the transactions are shown to be largely, if not entirely, a testamentary disposition of his property — that is, the grantor did not intend to pass title until after his death and that the inference is he took this means of disposing of his real estate in order to avoid probate proceedings.
Both contentions are disposed of by the fact of delivery of the deeds, and cannot be sustained. In the first place the question of delivery is not raised in the pleadings; in fact, the complaint charges the deeds were executed and accepted by the grantees.
Again, the instruments involved are grants of property and under the provisions of § 5522 of the Comp. Laws such grants are "conclusive against the grantor and every one subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded."
The grant is presumed to have been delivered at its date. Comp Laws, § 5496. While this is but a presumption, nevertheless the proof sustains the delivery. The deeds were delivered to the wife and she was the grantee in one of the deeds. A grant cannot be delivered to the grantee conditionally, and so far as that deed is concerned the delivery was absolute. Comp. Laws, § 5497. The record also shows that the delivery of the deeds to the boys was made to the mother for the boys and she therefore was the agent of the boys to that extent and delivery to her as their agent is an absolute delivery. Section 5497, Compiled Laws. The delivery of the deed depends upon the intention of the grantor, which is mainly a question of fact. Magoffin v. Watros, 45 N.D. 406,178 N.W. 134. If the delivery is made unconditionally, the fact the deeds were not recorded until after the death of the grantor does not affect the title. Cale v. Way, 46 N.D. 558, 179 N.W. 921. It is true the testimony that the boys knew about these intended transfers is somewhat indefinite, but it is sufficient to show they knew about them and the complaint alleges they accepted the transfers.
It is not necessary to have actual delivery to the grantees.
Section 5500 provides:
"Though a grant is not actually delivered into the possession of *Page 716 
the grantee it is yet to be deemed constructively delivered in the following cases:
"1. When the instrument is by the agreement of the parties at the time of execution understood to be delivered and under such circumstances that the grantee is entitled to immediate delivery; or,
"2. When it is delivered to a stranger for the benefit of a grantee and his assent is shown or may be presumed."
Grants take effect upon the delivery of the instruments. Comp. Laws, § 5495. The scrivener testified that after the deeds were executed and acknowledged the grantor "handed them to Mrs. Heuer," that "he told her to hand them to me and leave them there for safekeeping," that the grantor said his wife would take care of them later and then she handed them to him and asked him to keep them. When the mother sent for them, the scrivener delivered them to her agent. There was appropriate objection made to any testimony by the wife as to the transactions with her husband relative to the deeds. Walter testified that his mother, one of the grantors, told him in 1926 "that they had made out the papers and that the farm was mine." She told the boys she had the deeds and they were in the bank.
There is no suggestion anywhere that the grantor intimated the deeds were not to be delivered until after his death. However, even where a deed is delivered to a third person to be delivered to the grantee on the death of the grantor, such delivery transfers the title to the grantee and the rights of the grantee attach as of the time of the delivery. When the grantor shows that he parts with all control of the deed and leaves it with a third person as the agent of the grantee, the delivery is effected and it cannot be said the instrument was testamentary in character. Arnegaard v. Arnegaard, 7 N.D. 475, 75 N.W. 797, 41 L.R.A. 258. This rule was approved in Black v. Black, 58 N.D. 501,511, 226 N.W. 485, 65 A.L.R. 852. There is no testimony whatever showing the grantor ever made any attempt to control the deeds thereafter or executed the deeds with the understanding or the intent that there should be no delivery until after his death. All of the inferences would be to the effect that he considered the property was deeded to his wife and to the boys, and the record is silent as to his wishes regarding recording. The boys took immediate possession of the lands deeded to them, farmed them, and paid the taxes. In November *Page 717 
1930 Walter got a deed to part of the land granted to his mother, renewed and assumed the mortgage against the land deeded making a payment thereon. The whole trend of events shows the grantees considered themselves the owners of the land. The issue was not raised as to delivery and, in any event, we are satisfied from the evidence that there was a sufficient delivery of the deeds to set these contentions at rest.
In February 1920 Carl Heuer purchased a half section of land, at one time owned by Henry Heuer, for $23,400.00. In order to complete the deal he borrowed $19,000.00 from his brother Henry, giving a mortgage upon the land purchased as security for the loan, which loan was due in five years. This is the land conveyed to Adolph, the deed being one of the instruments attacked. Interest was paid on the note and part of the principal, and in February 1929 Carl Heuer gave to his brother a new note for the remainder — $16,000.00 — and as security for the payment thereof gave a new mortgage on the land purchased and a mortgage on another quarter of land. However, this additional quarter was in reality the property of William Heuer, a son of Carl Heuer, whose right was legally established in an action brought by William Heuer against Henry Heuer. See 64 N.D. 497, 253 N.W. 856. After this decision Henry Heuer foreclosed his mortgage on the remaining half section of land and bought it at the sale for $9,000.00. Respondents, in their brief, state Henry has now title to this land and this is not denied.
Henry knew his brother had bought the land for $23,400.00. He admits he considered the land worth the amount of the loan, but he shows the amount was determined also, partially at least, because it was his brother who was the borrower. The undisputed testimony shows the land was at that time and for several years thereafter worth from $50.00 to $60.00 an acre. The debt, at one time, was reduced to $16,000.00. From the record we must hold that at the time the transaction was entered into the land was worth the amount of the loan and continued so up to the time the deeds were executed in 1926.
The plaintiff claims that by the giving of these deeds Carl Heuer rendered himself insolvent. At the time the deeds were executed Carl Heuer had considerable money on deposit in the bank; he had horses, cattle, and machinery sufficient to farm 880 acres of land. He *Page 718 
held a quarter of land on contract. There is no proof that he had any debts other than those secured by real estate mortgages, and Henry had ample security then.
While the consideration for the deed recites $1.00 and other valuable consideration, there is nothing in the case to show what the other consideration was. It is true the lack of consideration may be a badge of fraud, yet no transfer can be "adjudged fraudulent solely on the ground that it was not made for a valuable consideration;" (Comp. Laws, § 7223), and § 5882 of the Comp. Laws provides that: "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."
The whole tenor of the case shows there is an entire lack of proof showing any fraud on the part of the grantees. There is no suggestion of fraudulent intent unless it can be inferred from the fact that at that time he owed his brother a large sum of money. It is claimed the transaction is such one might suspect his purpose was largely testamentary in character. However, the deeds were delivered to the wife with the suggestion she turn them over for safekeeping to the man who drew the deeds. There is nothing in the record to show any condition attached to this delivery. Part of the property deeded to Walter Heuer was the homestead of Carl Heuer and his wife, and it is conceded the deed of this property cannot be considered in fraud of creditors. Kvello v. Taylor, 5 N.D. 76, 63 N.W. 889; Dalrymple v. Security Improv. Co. 11 N.D. 65, 88 N.W. 1033; Finch, Van Slyke 
McConville v. Styer, 51 N.D. 148, 155, 199 N.W. 444; Strampher v. Hupe, 60 N.D. 692, 236 N.W. 247.
It is true that two years after the execution of the deeds Carl Heuer gave a bill of sale of his personal property to his wife; but there is nothing to indicate connection in design between this act and the execution of the deeds.
A fraudulent intent, actual or constructive, is essential before such transfer can be set aside, and the fact that the challenged transaction is between relatives does not in itself justify a finding of fraud, though such transaction should be scrutinized closely. Hunt v. Holmes, 64 N.D. 389, 252 N.W. 376. See also Merchants Nat. Bank v. Armstrong, 54 N.D. 35,208 N.W. 847. To render a conveyance fraudulent and void as against creditors, the fraud must have existed at the *Page 719 
time the transfer was made. If not fraudulent then, subsequent events or even intent does not make it fraudulent. Strampher v. Hupe, 60 N.D. 692, 695, 236 N.W. 247.
It is true that since the execution of these deeds there has been a heavy slump in the value of real estate. This court can take judicial notice of that fact. Comp. Laws, § 7938. But this was long after the transactions attacked. If transfers are made without valuable consideration, and to avoid administration, though with no specific intent in the grantor or grantee to defraud the grantor's creditors, and the conveyances devest the grantor of all his property, render his estate insolvent, and operate to defeat the collection of his debts, the conveyances must be held to be made in fraud of creditors. Johnson v. Rutherford, 28 N.D. 87, 147 N.W. 390. The grantor did not devest himself of all his property, he did not render himself insolvent, the creditor had ample security at the time of transfer and the grantor had a substantial amount of property in addition. Part he lost thereafter and he transferred to his wife his personal property at a later period but this transfer is not attacked. It is claimed the property was dissipated.
The trial court found the plaintiff had failed to show the conveyances were fraudulent in their nature. The presiding judge had ample opportunity to see and judge the witnesses personally. His finding is entitled to weight and consideration. Adams v. McIntyre, 22 N.D. 337, 342, 133 N.W. 915; Andersen v. Resler,57 N.D. 655, 223 N.W. 707.
Upon a review of the entire record we find the plaintiff has failed to prove these deeds are fraudulent conveyances. We need not consider respondents' claim of laches in the bringing of this action. The judgment is affirmed.
BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur. *Page 720